## YEAGER v. DISTRICT OF COLUMBIA.
### No. 103.
Municipal Court of Appeals for the
District of Columbia.
#### Aug. 27, 1943.

Rehearing Denied Sept. 15, 1943.

Ben Lindas, of Washington, D. C., for appellant.

Milton D. Korman, Asst. Corp. Counsel, of Washington, D. C. (Richmond B. Keech, Corp. Counsel, and Vernon E. West, Principal Asst. Corp. Counsel, both of Washington, D. C., on the brief), for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

Appellant was charged in the Criminal Division of the Municipal Court with operating four rooming houses without first having obtained licenses therefor, in violation of an order of the Commissioners under the License Law of July 1, 1932;[1] and at the same time he was charged with failing to provide adequate bath facilities in each of the four houses, in violation of the Lodging, Rooming and Boarding House Regulations of the District.

Each of the eight offenses was charged in a separate information. All charges were

---

[1] Code 1940, § 47—2344.

heard in one trial; appellant was found guilty on each charge; and on each charge the judgment was a fine of $25 or imprisonment for thirty days. Appellant filed a joint notice of appeal and seeks reversal of the eight judgments.

In our opinion the appeal must be dismissed for lack of jurisdiction. Appellee has made no motion to dismiss and in its brief has not raised the jurisdictional question, but neither silence nor consent of the parties can confer jurisdiction on this court. It is our duty to notice a lack of jurisdiction even though the parties may desire a decision on the merits.[2]

The Act of April 1, 1942,[3] creating this court, provides: "reviews of judgments in the criminal branch of the [Municipal] court where the penalty imposed is less than $50, shall be by application for an allowance of an appeal, filed in said Municipal Court of Appeals." The Act also provides that the application for appeal shall be filed within three days from date of judgment.

The penalty imposed on appellant on each charge was less than $50, but instead of filing applications for appeal, he filed a notice of appeal as of right. Although the total of the penalties imposed on the eight charges amounted to $200, appellant cannot be allowed to consider the total as one penalty and thereby avoid the express language of the statute.[4] Each charge was a separate offense, covered by a separate information. Each charge required separate proof. A separate judgment or penalty was imposed on each charge.

Consolidation for trial did not destroy the separate identity of each charge or the judgments thereon. The judgment in each case was a single judgment from which there was no right of appeal but only the right to make application for an appeal. The right of appeal is a statutory right[5] and the jurisdiction of this court is purely statutory. We have no discretion to enter-

tain appeals not taken in accordance with the statute,[6] and we cannot extend the language of the statute.[7]

The fact that the judgment on each charge was $25 or thirty days does not take it out of that class of judgments designated in the statute as "where the penalty imposed is less than $50." The alternative of imprisonment is but the mode, authorized by Section 11—616 of the Code, for enforcing payment of the fine imposed, and may be avoided by payment of the fine.[8]

In order to avoid a dismissal, we have considered whether appellant's notice of appeal of right may be treated as in effect an application for an appeal. This, however, cannot be done.

If we overlook the fact that the notice was filed as an appeal of right and in no manner conformed to our rules regulating applications for appeal, and the further fact that the record and briefs were prepared and filed under our rules relating to appeals of right, which differ from those governing appeals on application, a statutory obstacle remains. The statute requires that the application be filed *in this court* within three days from date of judgment. Appellant's notice, though filed within the three day period, was filed in the trial court. If, despite our rules, we were able to treat the notice as an informal application, we are still faced with the fact nothing was filed here within the time fixed by statute and we have no power to extend that time.[9]

To avoid the labor and expense of filing an application in all eight cases, when apparently all were controlled by one common question of law, resort could have been had to the familiar practice of filing application for appeal in one case and withholding entry of final judgment in the others upon stipulation that action therein await and abide the result of the single appeal.

---

[2] Minnesota v. Hitchcock, 185 U.S. 373, 22 S.Ct. 650, 46 L.Ed. 954; Trans-Atlantic Trust Co. v. Pagenstecher, 53 App.D.C. 42, 287 F. 1019; Ray v. Bruce, D.C.Mun. App., 31 A.2d 693.

[3] 56 Stat. 190, D.C.Code 1940, § 11—751 et seq.

[4] Cf. Harris v. Lang, 27 App.D.C. 84, 7 L.R.A.,N.S., 124, 7 Ann.Cas.141.

[5] United States ex rel. Brightwood Railway Co. v. O'Neal, 10 App.D.C. 205.

[6] Credit Alliance Corp. v. Atlantic, Pacific & Gulf R. Co., 8 Cir., 77 F.2d 595.

[7] Brown v. Randle & Garvin, Inc., D.C. Mun.App., 32 A.2d 104.

[8] Bowles v. District of Columbia, 22 App. D.C. 321.

[9] Stebbins' Estate v. Helvering, 74 App. D.C. 21, 121 F.2d 892.

For the reasons stated, we cannot consider the merits of the questions here sought to be raised and the appeal must be dismissed.

Dismissed.