## McDONNEL v. UNITED STATES.
### No. 9070.

United States Court of Appeals
District of Columbia.

Argued April 4, 1946.

Decided May 8, 1946.

Mr. Woodrow E. Faulkner, of Washington, D. C., with whom Mr. Joseph A. Pieper, of Washington, D. C., was on the brief, for appellant.

Mr. John P. Burke, Assistant United States Attorney, of Washington, D. C., with whom Mr. Edward M. Curran, United States Attorney, of Washington, D. C., was on the brief, for appellee. Mr. Sidney S. Sachs, Assistant United States Attorney, of Washington, D. C., also entered an appearance for appellee.

Before EDGERTON, WILBUR K. MILLER and PRETTYMAN, Associate Justices.

PER CURIAM.

Upon his trial before a jury in the District Court of the United States for the District of Columbia, Daniel A. McDonnel was convicted of violating the Mann Act, § 398, Title 18, U.S.C.A. He appeals from an order which denied his motion for a new trial on the ground of newly discovered evidence.

The appellant said he had learned after his trial that oppressive police methods had extorted false testimony from the prosecuting witness which she would repudiate at another hearing. In support of this ground McDonnel filed the affidavit of one Dougherty which set forth that the girl had informed him of the perjury which she had committed under duress from police officers.

The appellee countered by filing an affidavit of the prosecuting witness in which she denied that she had ever repudiated her testimony, and stated that she had testified freely, without coercion.

The trial court set the motion for a new trial down for hearing. In addition to the affidavits, oral evidence was heard and the young woman who had been the principal witness against the appellant insisted that she had testified truthfully at the trial, that she had not been forced by threats or otherwise to give her evidence, and that she had not at any time retracted it. Moreover, the attorney for the appellant, when questioned at the oral hearing, did not say unequivocally that the prosecuting witness had repudiated her evidence in conversation with Dougherty, although he was present when the conversation took place.

As a further ground the appellant alleged that, on the occasion of the crime, his physical presence elsewhere made it impossible for him to have been guilty. The alleged evidence concerning an alibi was not shown at the hearing to have been newly discovered.

The trial court has a broad discretion as to whether a new trial should be granted because of newly discovered evidence, and its action will not be disturbed on appeal unless an abuse of that discretion appears.[1] Here the District Court was most patient in affording the appellant the fullest opportunity to support his motion. It appears not only that there was no abuse of discretion in refusing a new trial but also that, in the circumstances, such action would have been quite unjustified.

Affirmed.

---

[1] Hamilton v. United States, 78 U.S.App.D.C. 316, 140 F.2d 679.