CHAMBERS et al. v. DISTRICT OF COLUMBIA.

No. 1038.

Municipal Court of Appeals
District of Columbia.

Argued March 12, 1951.

Decided May 2, 1951.

Harry E. Taylor, Jr., Washington, D. C. (Leonard A. Block, Washington, D. C., on the brief), for appellants.

Edward A. Beard, Asst. Corp. Counsel, Washington, D. C. (Vernon E. West, Corp. Counsel, and Chester H. Gray, Principal Asst. Corp. Counsel, Washington, D. C., were on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Judges.

HOOD, Judge.

Defendants were charged with eighteen separate violations of Wage Order No. 7 of the Minimum Wage and Industrial Safety Board under authority of the District Minimum Wage Law.[1] Six of these charges related to a female employee, Ethel Gray Lloyd, six related to another female employee, Garnette B. Bowyer, and the remaining six charges related to a third female employee, Anne M. Curtin. As to Ethel Gray Lloyd, it was alleged in the first count that defendants as her employers failed to pay her the minimum wage during each week of the period between the week ending May 7, 1949, through October 29, 1949. The second count made the same allegation as to the weeks between November 5, 1949, and April 29, 1950. The third count made the same allegation for the period between May 6, 1950, and September 16, 1950. Covering the same periods and the same employee, counts ten, eleven and twelve alleged that

1. Code 1940, § 36-401 et seq., as amended, Code 1940, Supp. VII, § 36-401 et seq.

the employers failed to keep required records of her employment. The charges as to Garnette B. Bowyer and Anne M. Curtin followed the same pattern as those relating to Ethel Gray Lloyd. Each of the eighteen counts were so framed as to necessitate separate and different proof.

Trial was had without a jury and defendants were found guilty on each of the eighteen counts. A fine of $25 was imposed on each of the counts but the sentences further provided that as to fourteen of the counts the fines would run "concurrently" while as to the remaining four of the counts the sentences would run "after" another. The net effect of the sentences was that the employers should pay $25 separately as to each of the three employees on the charges of paying less than the minimum wage and also a separate fine of $25 on all of the charges for failing to keep proper records. Separate entries were made of the fines as to each count but in parentheses following all such entries there was included a notation "total fine $100."[2]

Defendants filed no application for appeal in this court but notice of appeal was filed in the trial court on January 31, which was more than three days after January 26 (a Friday) when sentence was imposed. The District of Columbia moved to dismiss on the ground that while the aggregate of the fines was $100 no fine on any count exceeded $50 and that therefore there was no right of appeal. Defendants opposed the dismissal, urging that the aggregated fines of $100 gave them the right of appeal. Since the exact question presented is one of first impression in this jurisdiction, we asked for briefs and ordered oral argument.

The statute creating this court provides that "reviews of judgments in the criminal branch of the (Municipal) court where the penalty imposed is less than $50, shall be by application for the allowance of an appeal," and that such application "shall be filed" in this court "within three days from the date of judgment." Code 1940, Supp. VII, § 11–772. If that provision is applicable here then the appeal must be dismissed.

In Yeager v. District of Columbia, D. C. Mun.App., 33 A.2d 629, 630, a defendant was convicted under eight separate informations charging that he operated four rooming houses without licenses and without bathing facilities. The cases were tried together and defendant was convicted and fined $25 in each case. We held he had no right of appeal, saying:

"The penalty imposed on appellant on each charge was less than $50, but instead of filing applications for appeal, he filed a notice of appeal as of right. Although the total of the penalties imposed on the eight charges amounted to $200, appellant cannot be allowed to consider the total as one penalty and thereby avoid the express language of the statute. Each charge was a separate offense, covered by a separate information. Each charge required separate proof. A separate judgment or penalty was imposed on each charge.

"Consolidation for trial did not destroy the separate identity of each charge or the judgments thereon. The judgment in each case was a single judgment from which there was no right of appeal but only the right to make application for an appeal. The right of appeal is a statutory right and the jurisdiction of this court is purely statutory. We have no discretion to entertain appeals not taken in accordance with the statute, and we cannot extend the language of the statute.".

The only distinguishing feature between this case and the Yeager case is that here the various charges were made in separate counts in one information and there they were made in separate informations. Where separate and distinct transactions of the same general nature are involved, the use of one indictment or information with separate counts is permitted.[3] The use of a single information

---

2. Penalties under the statute, Code 1940, § 36–417, are not less than $25 nor more than $100 or imprisonment of not less than ten days nor more than three months or both such fine and imprisonment.

3. Solomon v. United States, 58 App.D.C. 182, 26 F.2d 554.

with multiple counts is a decided convenience,[4] but if separate offenses are charged in separate counts they do not lose their identity because of their inclusion in one information. The charges remain separate and require separate proof. Each requires a separate verdict or finding and if the verdict or finding is guilty separate sentences may be, as here, imposed.[5] On appeal separate errors may be assigned with respect to the several convictions and one conviction may be reversed and another affirmed. From the filing of the information through trial and on to appeal the offenses remain separate.

■ The result is that we have here eighteen separate judgments imposing eighteen separate penalties of less than $50. The statute says that reviews of such judgments shall be by application for allowance of appeal filed in this court within three days from the date of judgment. The statutory procedure was not followed and we cannot alter the statute by giving a right of appeal where the statute does not allow it. Because as a matter of convenience the separate charges were placed in one information and tried at one time, we cannot hold that the separate sentences may be added together to make the amount requisite for an appeal of right.[6] To do so would be to permit a mode of procedure to overcome express statutory language.

Appeal dismissed.

CLAGETT, Judge, dissenting.

I am unable to agree with the opinion of the court in the present case. While it is undoubtedly true, generally speaking, that for certain purposes, such as the imposition of sentence, different counts of an information, based on separate and distinct offenses, and requiring separate proof, are deemed separate, yet I do not believe that the same rule applies for appellate purposes. The present opinion of the court relies almost entirely on the authority of Yeager v. District of Columbia, D.C.Mun. App., 33 A.2d 629. While I was not a member of the court at the time of that decision, I would follow it if I thought it governed the present case. In the Yeager case, involving separate informations, there were actually different sentences or judgments under the different informations, each of them of less than $50. Here, however, regardless of whether the charges could have been brought in separate informations, the government elected to bring them as several counts of the same information, and the net result was the imposition of a total penalty of more than $50. Whether there were several judgments or one judgment is a question of interpretation. The total fine (or judgment) was actually entered on the information. We must assume this was done by order of the trial court. The majority opinion assumes, without justification, in the view that I take of the case, that the entry "total fine $100" was only explanatory of the net effect of the various judgments "and was likely intended for the guidance of the financial clerk of the court whose duty is to receive payment of fines." I believe that, to say the least, the entry was ambiguous and that such ambiguity should be resolved in favor of defendants. If the judgment is considered as a total fine of $100, I think that such judgment undoubtedly is appealable as of right. That the trial court was authorized to impose such a total fine can hardly be questioned.[7]

As originally reported by the Senate and House Committees, the bill which became the present statute provided for appeals as of right from all judgments, both civil and criminal, except those in the Small Claims Branch of the Civil Division of

---

4. People v. Carr, 6 Cal.2d 227, 57 P.2d 489.

5. Solomon v. United States, supra, footnote 3. In some instances courts impose a general sentence on the several counts, but that was not done here. The notation "(total fine $100)" was evidently explanatory of the net effect of the various judgments and was likely intended for the guidance of the financial clerk of the court whose duty is to receive payment of fines.

6. Adams Express Co. v. Commonwealth, 175 Ky. 825, 195 S.W. 109; State v. Sanders, 159 La. 956, 106 So. 455.

7. McKee v. Johnston, 9 Cir., 109 F.2d 273, certiorari denied 309 U.S. 664, 60 S.Ct. 592, 84 L.Ed. 1011.

the Municipal Court.[8] Subsequently it was suggested to Congress that appeals as of right were unnecessary in petty criminal cases, and an amendment was offered and adopted embodying the present provision for applications of appeal in criminal cases where the penalty imposed is less than $50. While the present issue was not presented to Congress, I believe it may fairly be said that the intent was to give appeals as of right in all but very small criminal cases. I can not reconcile this view of the legislative history of the Act with a holding denying an appeal as of right under the circumstances of the present case. Regardless of technicalities, defendants, prosecuted on one information, were informed they must pay a total fine of $100.[9] They immediately gave oral notice of appeal and followed with a formal written notice of appeal within five days. Realizing as I do that the question is jurisdictional, I nevertheless have concluded that a reasonable interpretation of the statute gives these defendants the right of appeal to this court.

I would overrule the motion to dismiss the appeal.

8. House Report No. 1236, 77th Congress, 1st Session (1941); Senate Report No. 1116, 77th Congress, 2d Session (1942).

9. The information was brought against William W. Chambers, Sr., and W. W. Chambers, Jr., trading as W. W. Chambers Company. I assume that the judgment means that the two defendants are to pay the fine jointly.