## CHAMBERS et al. v. DISTRICT OF COLUMBIA.

### No. 11010.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 10, 1951.

Decided Jan. 17, 1952.

Mr. Harry E. Taylor, Jr., Washington, D. C., with whom Mr. Leonard A. Block, Washington, D. C., was on the brief, for appellants.

Mr. Chester H. Gray, Principal Asst. Corporation Counsel for the District of Columbia, with whom Messrs. Vernon E. West, Corporation Counsel, and Edward A. Beard, Asst. Corporation Counsel, were on the brief, for appellee.

Before WILBUR K. MILLER, FAHY and WASHINGTON, Circuit Judges.

FAHY, Circuit Judge.

In the criminal branch of the Municipal Court the appellants were jointly charged in one information with 18 infractions, each set forth in a separate count, of a minimum wage order made pursuant to the District of Columbia Minimum Wage Law, §§ 36–401 et seq., D.C.Code 1940, as amended, §§ 36–401 et seq., D.C.Code (Supp. VII). They were jointly tried without a jury and were found guilty by the court on each count.

Judgment was entered on January 26, 1951.[1] More than three days thereafter, on January 31, 1951, appellants filed in the Municipal Court notice of appeal. This is a proper procedure for appealing to the Municipal Court of Appeals when the appeal is of right. Rule 17, Rules of the Municipal Court of Appeals for the District of Columbia, 1951; § 11–772, D.C.Code (1940, Supp. VII). The District of Columbia, however, moved to dismiss the appeal as not taken in compliance with the following provisions of the same statute:

"* * * reviews of judgments in the criminal branch of the [Municipal] court where the penalty imposed is less than $50, shall be by application for the allowance of an appeal, filed in said Municipal Court of Appeals," within three days from date of judgment. No such application having been filed, the court dismissed the appeal, one judge dissenting, 1951, 80 A.2d 397. We allowed an appeal to this court, the question being one of general importance in this jurisdiction and also one of substance relating to the construction and application of a statute which has not been but should be settled by this court. Rule 1 of the Rules of this court governing review of cases from the Municipal Court of Appeals for the District of Columbia, 75 U.S.App.D.C. 415, 418. See § 11–773, D.C.Code (1940, Supp. VII).

As indicated by the well reasoned majority and dissenting opinions of the Municipal Court of Appeals the problem is not of easy solution. On the one hand, the several counts embody separate charges, albeit of related violations of the same wage

---

1. On the back of the information appear the following notations made in the Municipal Court:
"* * * *
"JAN 26 1951
        Judgment Guilty
  Ct. #1—$25—
  Ct. #2—$25—concurrent with Ct. 1
  Ct. #3—$25—concurrent with Ct. 1
  Ct. #4—$25—after Ct. 1
  Ct. #5—$25—concurrent with Ct. 4

  Ct. #6—$25—concurrent with Ct. 4
  Ct. #7—$25—after Ct. 4
  Ct. #8—$25—concurrent with Ct. 7
  Ct. #9—$25—concurrent with Ct. 7
  Ct. #10—$25—after Ct. 7
  Ct. #11 through 18 $25 dollars on each count to run concurrent with count #10. (total fine $100). Appeal noted deft. to post $100 surety bond or $100 cash. coll."

order, and the penalty imposed for each separate violation found was less than $50. In such circumstances it can well be argued that the intention of Congress reflected in the statute is to grant review by the Municipal Court of Appeals only upon allowance of a timely application to it. On the other hand, the several counts are incorporated in one information, one trial encompassed all, and, as we construe the action of the trial court, there was but one judgment resulting in a consolidated fine of more than $50.[2] These circumstances tend to support the applicability of the provisions governing appeal as of right.

In Yeager v. District of Columbia, decided by the Municipal Court of Appeals August 27, 1943, 33 A.2d 629, eight separate informations had been consolidated for trial in the criminal branch of the Municipal Court. Upon conviction on each information a fine of less than $50 was imposed for each conviction, though the aggregate fines substantially exceeded $50. It was held that each case was separate, and since the fine in each was less than $50, there was no appeal of right. Emphasis was placed, though not exclusively, on the circumstance that the sentences or judgments were separate. In the case at bar there is but one judgment, and it exceeds $50. We think this difference leads to a different result, and that in such a case the statute authorizes an appeal of right.

The judgment is single though in a sense it is a mosaic of 18 parts. Each part stems from a separate count but the final result is a consolidated penalty of $100 applicable to the case as a whole. The effect is comparable to that of a general sentence. See Marzani v. United States, 1948, 83 U.S. App.D.C. 78, 86, 168 F.2d 133, 141.[3] The dividing line between appeals as of right

and those permitted only on application is the amount of the penalty. In the context of the statute the penalty referred to is that imposed by the judgment. When therefore the judgment, notwithstanding multiple counts, is single, the size of the penalty imposed by it controls. In the Yeager case it was said that "A separate judgment or penalty" of less than $50 "was imposed on each charge." 33 A.2d at page 630. Each charge was made by a separate information. We construe the action of the Municipal Court in the present case, however, as the entering of one judgment in excess of $50.[4]

Either solution presents difficulties. True, the one we reach will in some instances require the Municipal Court of Appeals to consider on the merits appeals involving alleged violations in which the penalty imposed for each transgression does not exceed $50. Nevertheless, in consonance with an approach which is favorable to the remedy of appeal, Richards v. United States, 1951, 89 U.S.App.D.C. ——, 192 F. 2d 602, we think the statute leads to this result where, in the pertinent respects here present, the case is single and the end result is a penalty of $50 or more applicable to the case as a whole. Such a case, properly treated as one in the trial court, need not be considered more than one for purposes of appeal.

The legislative history of the statute shows that the bill as it came from the House prohibited appeals as of right only in civil cases arising in the small claims branch of the Municipal Court, H. R. Rep. No. 1236, 77th Cong., 1st Sess., 1941. The Senate report accompanying the bill, S. Rep. No. 1116, 77th Cong., 2d Sess., 1942, does not explain the change, but as it was passed by the Senate and enacted into law

2. This is so however we might construe the use by the trial court of the "concurrent" fines expression. See footnote 1, supra. We suppose fines so designated are to be treated as analogous to concurrent sentences.

3. Affirmed per curiam by an equally divided Court, 1948, 335 U.S. 895, 69 S.Ct. 299, 93 L.Ed. 431, on rehearing affirmed per curiam by an equally divided Court,

1949, 336 U.S. 922, 69 S.Ct. 513, 93 L. Ed. 1075.

4. This accords with the practice in this jurisdiction where, when a defendant is sentenced separately for each of several counts, only one judgment is filed. Kelleher v. United States, 1929, 59 App.D. C. 107, 35 F.2d 877; United States v. Bencoach, Crim. No. 574-51 (D.C.D.C. 1951); see, also, Spradley v. United States, 6 Cir., 1947, 162 F.2d 203.

appeals as of right are prohibited in criminal cases as well, where the penalty is less than $50. The amount of penalty imposed by the present judgment lifts the case out of this class.

Reversed and remanded.