James A. SCOTT, Jr., Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 1756.

Municipal Court of Appeals for the District of Columbia.

Argued April 2, 1956.

Decided May 18, 1956.

Frank D. Reeves, Washington, D. C., with whom Curtis P. Mitchell, Washington, D. C., was on the brief, for appellant.

Hubert B. Pair, Asst. Corp. Counsel, with whom Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, and Milton D. Korman, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD, Acting Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired), sitting by designation under Code, § 11–776(b).

**HOOD, Acting Chief Judge.**

In a multiple count information appellant was charged with certain violations of the District of Columbia Sales Tax Act.[1] The first count charged appellant with having engaged in the sale of alcoholic beverages and having failed or neglected to obtain a Certificate of Registration.[2] The eight remaining counts charged appellant with failing or neglecting to file and pay monthly sales tax returns for the months of July 1951 through February 1952.[3] Appellant's demand for a trial by jury was refused. At the conclusion of the trial the court found appellant guilty "as to all counts," and a sentence of $300 or sixty days was imposed on each count. All sentences were ordered to run consecutively with the exception of the sentence on the ninth count which was ordered to run concurrently with that on the eighth count. Appellant urges six grounds for reversal of his conviction.

Appellant first says it was error to refuse his demand for trial by jury. Making no claim to constitutional right of trial by jury, appellant rests his claim on the statutory right to jury trial in cases "wherein the fine or penalty may be more than $300, or imprisonment as punishment for the offense may be more than ninety days".[4] Appellant's claim is that in effect a single penalty of $2,400 was imposed upon him and therefore he was entitled to a jury trial under the above-mentioned Code Section. He argues that the rationale of Chambers v. District of Columbia, 90 U.S.App.D.C. 153, 194 F.2d 336, 337, should be applied here.

In the Chambers case the defendant was charged in one information with a number of violations of the local Minimum Wage Law.[5] He was found guilty and sentenced to pay a fine of $25 on each count, some to run consecutively and others concurrently. On the back of the information was listed the penalty as to each count with a final notation, "'total fine $100.'" The question

there was whether defendant was entitled to an appeal of right or was restricted to an application for allowance of an appeal by the statute which denies an appeal of right "where the penalty imposed is less than $50".[6] The United States Court of Appeals, in reversing this court, held that there was a consolidated penalty of $100 applicable to the case as a whole, comparable to a general sentence; that there was but one judgment; that such judgment was in excess of $50; and therefore defendant was entitled to an appeal of right. "Such a case," said the Court, "properly treated as one in the trial court, need not be considered more than one for purposes of appeal." We do not think the Chambers case should be construed to hold that whenever two or more charges are included in one information that each loses its separate identity and characteristics, and that for all purposes the case must be treated as a single entity. The Court merely held that when "the judgment, notwithstanding multiple counts, is single, the size of the penalty imposed by it controls" the application of the statute with respect to right of appeal.

In the instant case the record reveals that the judgment was not single. Appellant was found guilty "as to all counts" and a separate sentence was imposed on each count. No reference was made, as in the Chambers case, to an aggregate or consolidated penalty. Nothing indicates that the trial court intended to impose a general sentence. On the contrary everything points to an intent to treat each count separately. Assuming that the rationale of the Chambers case, applicable to appeals of right, would be applicable to the question of right of trial by jury, the facts of this case clearly distinguish it from the Chambers case.

However, the fact that the present case is distinguishable from the Chambers case does not dispose of appellant's contention

1. Code 1951, § 47–2601 et seq.

2. Code 1951, § 47–2623.

3. Code 1951, § 47–2625(a).

4. Code 1951, § 11–616.

5. Code 1951, § 36–401 et seq.

6. Code 1951, § 11–772.

that he was entitled to a jury trial. Determination of the right of appeal requires a retrospective examination, i. e., the appellate court looks to the judgment since its amount controls. On the contrary, determination of the right to jury trial necessitates a prospective examination, because the Code provides that in cases "wherein the fine or penalty *may* be more than $300," the accused upon demand is entitled to trial by jury. (Italics supplied.)

■ In this jurisdiction, as in the majority of others, on conviction under several counts of one information or indictment a sentence may be imposed on each count or a general sentence may be imposed without apportionment to the various counts.[7] While it has been said that the practice of separate sentences on the various counts is preferable to a general sentence,[8] yet at the commencement of the trial in the instant case there existed the possibility that a general sentence exceeding $300 might be imposed. Does this possibility require that trial by jury be granted if demanded? A reasonable interpretation of the Code Section requires a negative answer to this question. Its plain meaning, in our opinion, is that if a penalty of more than $300 may be imposed on any one offense, then upon demand a trial by jury should be had. We see no reason why consolidation of a number of petty offenses in one information should confer upon the defendant a right he would not have if the charges were brought in separate informations. Nine offenses consolidated for trial do not, either in fact or under the provisions of the Code, amount to one greater offense. Our conclusion is that it was not error to deny the demand for jury trial.

■ The second point is that the penalty imposed on the first count was in excess of that prescribed by the statute. The government concedes, as it must, that the maximum penalty under this count could not exceed $100.[9] The fine of $300 was therefore improper and remand will be necessary for resentencing under this count.[10]

■ The third claim of error relates to the refusal of the trial court to exclude the testimony of government witness Kresslein. This witness testified he was an official of the Internal Revenue Service assigned to the Baltimore District, that as chief of the Return and Index Unit he was custodian of all applications for Federal alcohol tax stamps, and that these records revealed that appellant had applied for and received tax stamps for those months in which appellant was charged with failing to file a District of Columbia tax return and paying the appropriate tax. Appellant insists that the application of the best evidence rule precluded this testimony, that the records themselves should have been introduced and that it was error to permit the witness to testify to their contents. This specific objection does not appear to have been made at trial and for that reason we might ignore it. However, assuming any merit to this contention, the error, if any, was cured by the later admission in evidence of the records, the contents of which were not at variance with Kresslein's testimony.

The fourth claim of error questions the admissibility of the testimony of Internal Revenue agents Vaughn and Sweeney. They testified that while conducting an investigation of Al's Liquor Store for possible Federal tax violations they had occasion

7. Kelleher v. United States, 59 App.D.C. 107, 35 F.2d 877; Gibson v. United States, 80 U.S.App.D.C. 81, 149 F.2d 381, certiorari denied sub nom. O'Kelley v. United States, 326 U.S. 724, 66 S.Ct. 29, 90 L. Ed. 429; McHugh v. United States, 1 Cir., 230 F.2d 252; Hamilton v. United States, 4 Cir., 204 F.2d 927, certiorari denied, 346 U.S. 858, 74 S.Ct. 74, 98 L. Ed. 372; Barnes v. United States, 8 Cir., 197 F.2d 271.

8. United States v. Rose, 3 Cir., 215 F.2d 617; Levine v. Hudspeth, 10 Cir., 127 F. 2d 982, certiorari denied 317 U.S. 628, 63 S.Ct. 39, 87 L.Ed. 507.

9. Code 1951, § 47–2623(d).

10. Jordan v. United States, D.C.Cir., 233 F.2d 362.

to interrogate appellant, that appellant admitted purchasing large quantities of liquor from Al's Liquor Store for the purpose of resale, admitted that some of the purchases were made in his name and some in the names of Postell and Dorsey, admitted he had resold liquor in various parts of the District during the months charged in the information, and admitted that he had incurred Federal tax liability. Appellant's position is that this testimony was inadmissible because of a Departmental regulation prohibiting disclosure of official information.

Appellant relies on Treasury Department Regulation of April 15, 1898.[11] That regulation has probably been superseded by Treasury Regulation 12, Article 80, and the recent regulation of June 30, 1955, relating to State liquor cases,[12] is probably the one most applicable to this case. But a reading of all those regulations leads us to the conclusion that they were promulgated for the benefit of the United States Government, and that the privilege against disclosure of official information can be claimed by the Government alone. We think they afford no protection to appellant, and we have been cited to no case, and we have found none, holding that they do.

The fifth claim of error charges that the trial court improperly refused to grant a motion for judgment of acquittal. The contention is that there was no direct or circumstantial evidence sufficient to support the finding that appellant was engaged in the sale of alcoholic beverages during the period charged in the information. We cannot agree with this contention. In addition to the extrajudicial admissions of appellant that during the period involved he had purchased some 1500 cases of whisky which he had resold at six different places in the District, there was the following corroborative evidence: (1) Appellant applied for, received and paid for, Federal tax stamps covering the period in question; (2) numerous sales slips showing the purchases of liquor during this period in appellant's name; and (3) direct testimony that appellant made numerous purchases of liquor during the period.

Furthermore, there was testimony of Postell that he "bootlegged" whisky for appellant in 1950, 1951 and the first few months of 1952; that during this period he sold twelve or thirteen cases a week; and that "he buys it and I sell it. I got a percentage on it, $8 per case." The witness could not state the definite months in which he made the sales, but he was positive in his testimony that during the entire period he was engaged in selling for appellant with the exception of the time that the witness was in jail. The witness's police record, introduced in evidence, showed that he was in jail only three days during the eight months' period here involved. The testimony of this witness, viewed together with the other evidence in the case, convinces us that it was not error to deny the motion for judgment of acquittal.

Perhaps there was sufficient evidence to sustain a conviction without the admissions of appellant, but, if not, the quantum of the corroborative evidence satisfied the test set out in Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101, 45 A.L.R.2d 1308, as well as the somewhat more stringent test of Forte v. United States, 68 App.D.C. 111, 94 F.2d 236, 127 A.L.R. 1120.

The last claim of error lacks sufficient merit to require discussion.

Reversed as to Count 1 and remanded for resentencing.

Affirmed as to Counts 2 through 9.

11. This regulation is set out in full in the Annotation, "Government's Privilege against Disclosure," 95 L.Ed. 425, 437.

12. Fed.Reg. Vol. 20, p. 4643.