Henry O'BRYANT, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 3894.

District of Columbia Court of Appeals.

Argued July 18, 1966.

Decided Nov. 14, 1966.

Rex K. Nelson, Washington, D. C., for appellant.

Ted D. Kuemmerling, Asst. Corp. Counsel, with whom Milton D. Korman, Acting Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge:

Appellant was charged in separate informations with eighteen violations of the District of Columbia Traffic and Motor Vehicle Regulations, all resulting from an early morning chase through city streets. The informations alleged failure to slow at intersections (seven), unreasonable speed (five), failure to obey traffic signals (three), driving without lights, driving on the wrong side of the street, and carrying a defaced permit. Following a consolidated trial, he was convicted of all charges except carrying a defaced permit and received sentences of ninety days in jail for the single continuous offense of unreasonable speed and $25 or ten days for each of the other offenses—an aggregate of $300 or 120 days. Appellant's motion for a new trial was denied, and after making an unsuccessful attempt to file a single notice of appeal for all thirteen convictions, he noted an appeal from the conviction on the charge of unreasonable speed.

We are initially faced with the question of the scope of the present appeal. Our Code provides that a person convicted of crime may appeal as a matter of right except when the penalty imposed is less than $50, in which case review shall be by application for the allowance of an appeal. D. C.Code § 11-741 (Supp. V 1966). In Yeager v. District of Columbia, D.C.Mun.App., 33 A.2d 629 (1943), we held that an appeal as of right would not lie where the appellant had been charged in separate informations with eight offenses, was found guilty, and was fined $25 for each offense. In Chambers v. District of Columbia, 90 U.S.App.D. C. 153, 194 F.2d 336 (1952), reversing D.C. Mun.App., 80 A.2d 397 (1951), eighteen infractions had been charged in a single information. The appellant had been found guilty on all counts and fined $25 on each (some "to run concurrently"), and the judgment as entered on the back of the information included the notation: "(total fine $100)." The United States Court of Appeals held that an appeal as of right should be allowed.

While we are aware that the above cases can be distinguished because of

the number of informations filed and the fact that one judge aggregated the fines, we do not believe that these were controlling factors. The right of appeal should not depend upon such inconsequential matters. We believe the only logical conclusion to be drawn from *Chambers* is that when several offenses, closely related in both nature and time, are prosecuted in one trial—whether they are charged in separate informations or as separate counts in one information—the total of the fines imposed is the amount which determines the right of appeal; and that if the total is $50 or more, a single appeal from the several convictions may be taken as a matter of right. In the case at bar, the clerk's office was wrong in not allowing a single notice of appeal to be filed. We shall therefore consider the merits of each of appellant's convictions.

■ Appellant contends that there was insufficient evidence to establish his identity as the operator of the vehicle involved in the chase. The arresting officer testified that appellant was found in the front seat of the car, and that the car was registered in the name of appellant's uncle. Another officer testified that the car had passed him while he was parked at the curb. When he yelled to the driver to turn on his lights, the latter turned his head toward him and the officer was able to see clearly that it was appellant. This same officer appeared at the scene of the arrest a short time later, identified appellant (who was then sitting with another man in the rear of a police car), and charged him with operating without lights. Appellant and the other occupants of the car testified that the operator was an unidentified person known only by the nicknames "Scotch" and "Country."

■ It is fundamental that the credibility of a witness is to be determined by the trier of fact, and such a determination is not subject to review. The trial court's finding that appellant was the operator of the vehicle is supported by substantial testimony and will not be set aside on appeal. D.C.Code § 17–305(a) (Supp. V 1966); Monarch Const. Corp. v. J. H. Marshall & Assoc., Inc., D.C.App., 213 A.2d 894 (1965).

■ Appellant next contends that there was insufficient evidence to support a conviction for unreasonable speed. We disagree. Although no exact speed was confirmed, there was testimony that the car pulled away from the curb at a "high rate of speed" and that in another area it was traveling "in excess of twenty-five" miles per hour. This testimony, plus judicial notice of the speed limits on the streets involved, was sufficient to establish a violation of the unreasonable speed regulation.

■ Regarding the other offenses for which appellant was convicted, we find there was sufficient evidence to sustain the trial court's finding on the charge of driving without lights. There is no evidence, however, that appellant failed to obey any red lights or that he was driving on the wrong side of the street. The record merely indicates that the arresting officer recited that he charged appellant with these violations. This is not sufficient evidence to prove that the violations occurred, and these convictions must be reversed. There is also no substantiation for three of the seven counts of failure to slow at intersections since the officer's testimony does not show that the car traveled through these intersections. These three convictions must also be reversed.

■ Finally, appellant contends that his motion for a new trial should have been granted because of newly discovered evidence—the true identity of the driver. It is well settled that the trial court has broad discretionary powers in granting or denying a motion for a new trial on this ground, and its action will not be disturbed on appeal unless an abuse of that discretion appears. McDonnel v. United States, 81 U.S.App.D. C. 123, 155 F.2d 297 (1946).

Five days after the trial appellant presented to the trial court an affidavit stating that he had just determined the identity of the driver, and gave his name, address and telephone number. There was no showing that the same information, with diligent effort, could not have been ascertained before the trial. Thompson v. United States, 88 U.S.App.D.C. 235, 236, 188 F.2d 652, 653 (1951). Nor were there affidavits from the other participants (i. e., the alleged driver or the other passengers) exonerating appellant as in Brodie v. United States, 111 U.S.App.D.C. 170, 295 F.2d 157 (1961). We find no abuse of the trial court's discretion in refusing to grant appellant a new trial under the circumstances.

The convictions on Informations Nos. 21597–65, 21598–65, 21600–65, 21603–65, 21606–65, 21607–65 and 21613–65 are reversed. The remaining convictions are affirmed.

So ordered.

MYERS, Associate Judge (dissenting):

The effect of the majority opinion is to enlarge the scope of the present appeal to permit appeals from all thirteen traffic convictions when only the conviction for unreasonable speed was properly noted by appellant and thus to establish a precedent for future similar cases. Such an expansion circumvents legislative intent and prior case law and overlooks critical defects in procedure by appellant's own counsel.

Although I agree with my colleagues that the basis for an appeal should not depend upon "inconsequential matters," I must take issue with their placing the mode and time for appeals upon any basis other than statutes and rules of court governing appeals. The rules of this jurisdiction are specific and unambiguous with respect to the right and time to appeal from final judgment in the Criminal Division of the District of Columbia Court of General Sessions. Any person there convicted of any offense has an appeal of right if noted within ten days of the date of judgment,[1] except "where the penalty imposed is less than $50," [2] in which event there shall be filed in this court an application for an allowance of an appeal *within three days* from the date of judgment.[3]

The 1942 statute which created this court originally provided for appeals of right in all criminal cases, correcting the existing situation wherein misdemeanors were appealable only to the United States Court of Appeals and then only by an allowance of appeal. Members of the bench and bar of the District of Columbia testified as to the inequities of such a system wherein few, if any, defendants in minor crimes had a viable appeal.[4] This bill was amended prior to enactment, however, to specifically except those final judgments less than $50.[5] It is inescapable that Congress was concerned with the logistics and frivolousness of our hearing appeals as of right in cases involving petty infractions.

The courts of this jurisdiction have previously considered what constitutes a penalty of $50 for the purpose of determining appealability of right. When a single information embodying eighteen infractions of the District of Columbia Wage Law resulted in a single penalty in excess of

---

1. Rule 27(b) of the District of Columbia Court of Appeals, as directed by Criminal Rule 35 of the Court of General Sessions.

2. D.C.Code § 11–741(c) (Supp. V, 1966).

3. Rule 29(a) of the District of Columbia Court of Appeals.

4. See Hearings on H.R. 3167, H.R. 4852, H.R. 5784, before a subcommittee of the House Committee on the District of Columbia, July 25, 29, 31 (1941); H.Rep. No. 1236, 77th Cong., 1st Sess. (1941).

5. S.Rep. No. 1116, 77th Cong., 2d Sess. (1942). See also Chambers v. District of Columbia, D.C.Mun.App., 80 A.2d 397, 400 (1951) (dissenting opinion).

$50, it was held that the penalty was comparable to a general sentence to cover all violations and, therefore, appealable of right. Chambers v. District of Columbia, 90 U.S. App.D.C. 153, 194 F.2d 336 (1952). However, in Yeager v. District of Columbia, D.C.Mun.App., 33 A.2d 629 (1943), where defendant was convicted of eight violations of the District of Columbia boarding house regulations, we determined there was no appeal of right. Although the aggregate of fines in *Yeager* totaled $300, there were eight separate informations consolidated for trial, eight separate convictions, and eight separate fines of less than $50. We held in *Yeager* that the mere consolidation of charges for convenience at trial did not make them "multiple counts" of a single information; that each was a separate charge, requiring separate proof; and that the total fine did not represent one penalty.

My colleagues in substance aver in the present case that the only conclusion which can be drawn from the *Chambers* case is that it overruled our opinion in *Yeager* and approved a new formula for appeal—a formula which totals all penalties for all minor offenses tried together. By their reasoning, if the aggregate penalties total more than $50, then a single appeal may be taken to this court as a matter of right. I cannot adopt such an interpretation of the *Chambers* case which clearly recognizes the distinction between a single information charging several identical violations resulting in a single judgment and several informations charging similar violations resulting in several judgments. The court in *Chambers* carefully distinguished *Yeager* noting that:

> Emphasis [in *Yeager*] was placed, though not exclusively, on the circumstance that the sentences or judgments were separate. In the case at bar there is but one judgment, and it exceeds $50. We think this difference leads to a different result, and that in such a case the statute authorizes an appeal of right. 90 U.S. App.D.C. at 154, 194 F.2d at 338.

This distinction between *Yeager* and *Chambers* was further recognized by us in Scott v. District of Columbia, D.C.Mun. App., 122 A.2d 579 (1956), which involved a prosecution for a number of violations of the District of Columbia Sales Tax Act in a multiple count information. Scott was found guilty "as to all counts" and given a sentence of $300 or 60 days on each count, to run consecutively (with one exception not here material). Scott rested one error upon the denial of his claim to the statutory right of trial by jury in cases "wherein the fine or penalty may be more than $300, or imprisonment as punishment for the offense may be more than ninety days." He asserted that in effect a single penalty of $2400 was imposed upon him and therefore he was entitled to a jury trial under the authority of the *Chambers* case. In disposing of this contention, we ruled

> We do not think the Chambers case should be construed to hold that whenever two or more charges are included in one information that each loses its separate identity and characteristics, and that for all purposes the case must be treated as a single entity. The Court merely held that when "the judgment, notwithstanding multiple counts, is single, the size of the penalty imposed by it controls" the application of the statute with respect to right of appeal.

> In the instant case the record reveals that the judgment was not single. Appellant was found guilty "as to all counts" and a separate sentence was imposed on each count. No reference was made, as in the *Chambers* case, to an aggregate or consolidated penalty. Nothing indicates that the trial court intended to impose a general sentence. On the contrary everything points to an intent to treat each count separately. * * * the facts of this case clearly distinguish it from the *Chambers* case. 122 A.2d at 580.

The *Yeager* case as approved and understood by the court in *Chambers,* and the

*Chambers* case as approved and understood by us in the *Scott* case, are clearly applicable to the undisputed facts of the present case where the total amount of the fines does not represent a single penalty and a single judgment, which determine the right of appeal to this court.

Even if such a rule as the majority would promulgate were authorized by § 11–741(c), the question would not properly be before the court at this time. Appellant had several ways to present the entire case before us but failed to take advantage of any of them. He filed no application for allowance of appeals on those convictions where the separate judgments were under $50. If expense were a deterrent to his filing timely application for multiple appeals, he could have reduced this burden by applying for appeals from several of the convictions, with entry of final judgment in the others postponed upon stipulation that action therein be. held in abeyance pending appellate review.[6] This would not only only have brought all allegations of error before us, but would have been consonant with common practice and judicial precedent. Or after the clerk had refused to allow his single notice to cover all the convictions, appellant could and should have presented a motion to this court for appropriate relief, for instance, to require the clerk to accept his original papers. Such a motion would have presented the present issue squarely before us. Appellant has, however, placed before us only one appeal; the majority is fashioning *sua sponte* a new rule without sanction of either our jurisdictional statutes or prior case law.

I conclude the *Yeager* case has been neither expressly nor impliedly overruled by *Chambers.* Accordingly, I would not entertain appeals on those convictions where the fine was under $50. The appeal from the conviction for unreasonable speed, which is properly before us, I would affirm.

6. See Yeager v. District of Columbia, D.C. Mun.App., 33 A.2d 629, 630 (1943); Scott v. District of Columbia, D.C.Mun.App., 122 A.2d 579 (1956).