**Lloyd Lee COOPER, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 4561.**

District of Columbia Court of Appeals.

Argued Oct. 21, 1968.

Decided Jan. 8, 1969.

---

Dovey J. Roundtree, Washington, D. C. (appointed by this court), for appellant.

Robert P. Watkins, Asst. U. S. Atty., for appellee; David G. Bress, U. S. Atty., Frank Q. Nebeker and William G. Reynolds, Asst. U. S. Attys., were on the brief.

Before MYERS, FICKLING and KERN, Associate Judges.

PER CURIAM:

Appellant, after waiving his demand for trial by jury, was tried and convicted by the trial judge of the charge of petit larceny.[1] Upon appeal, he alleges that he was denied effective assistance of counsel and that the evidence was insufficient to sustain his conviction.

As the record before us was inadequate, we remanded the case to the trial court to determine the adequacy of appellant's representation by appointed counsel. In compliance with our order, the court held a hearing which was attended by Government counsel, appellant's trial attorney, and his attorney appointed by this court for purposes of the appeal. Appellant, however, failed to appear or to present witnesses on his behalf.[2]

After counsel on appeal detailed her repeated but unsuccessful efforts to contact appellant and indicated that he had not maintained any real interest in his case, the trial judge announced that he had carefully examined the file and remembered the case well. He noted that appellant's attorney was a lawyer of judgment and expressed the opinion that, in deciding not to cross-examine the Government witness, which may well have made out an even stronger case for the Government, counsel had represented appellant correctly.

Improvident strategy, bad tactics, mistake or carelessness does not necessarily constitute ineffective representation unless, taken as a whole, the trial was a mockery of justice. Edwards v. United States, 103 U.S.App.D.C. 152, 256 F.2d 707, cert. denied, 358 U.S. 847, 79 S.Ct. 74, 3 L.Ed.2d 82 (1958). Before it can be said that a defendant has been denied effective assistance of counsel, it must be shown that his representation was so incompetent as to blot out the essence of a substantial defense or deprive him of a trial in any real sense. Bruce v. United States, 126 U.S.App.D.C. 336, 379 F.2d 113 (1967).

Under the circumstances of this case, and in view of the record before us, we find that appellant has not sustained his burden of showing that he was deprived of effective assistance of counsel at trial.

Neither has appellant sustained his contention that the evidence was insufficient to support his conviction. At trial a store detective testified he had observed appellant place some record albums into a shopping bag and leave the store. The detective apprehended appellant outside the store and found concealed in the bag eleven albums, worth approximately $41. At the time of his arrest, appellant had in his possession only $23 in cash.[3] Appellant

1. D.C.Code 1967, § 22-2202.

2. The matter had been set for hearing on two previous occasions, but continued each time because appellant did not appear.

3. For a similar case, see Grayson v. United States, D.C.App., 246 A.2d 641 (1968).

**828**

took the stand on his behalf and admitted having the albums, but denied leaving the store with them or having the intent to steal them. With the evidence thus in conflict, appellant's guilt turned solely on whether the testimony of the detective or the appellant was more convincing. The trial judge, as trier of the facts, found the officer's testimony more credible. Credibility of a witness is to be determined by the trier of fact, and his determination is not subject to review nor will it be set aside on appeal. Powell v. United States, D.C.App., 246 A.2d 641, 642 (1968); O'Bryant v. District of Columbia, D.C.App., 223 A.2d 799 (1966).

Affirmed.