**John E. WALDEN, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 9379.**

District of Columbia Court of Appeals.

Argued Jan. 8, 1976.

Decided Feb. 11, 1976.

Victor A. Altman, Washington, D. C., appointed by the court, with whom J. H. Krug, Washington, D. C., was on the brief, for appellant.

Mark H. Tuohey, III, Asst. U. S. Atty., Washington D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, James F. McMullin, William M. Brodsky and Richard Saltsman, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before KELLY, YEAGLEY and HARRIS, Associate Judges.

KELLY, Associate Judge:

Appellant was convicted in a nonjury trial of assault and of possession of a prohibited weapon.[1] On appeal he makes three contentions. First, he argues that the incriminating statements he made immediately following his arrest should have been suppressed by the trial court as the police allegedly failed to properly advise him of his constitutional rights.[2] Second, he contends that under the facts of this case the assault charge is a lesser included offense of possession of a dangerous weapon and, therefore, his assault conviction must be vacated. Third, he claims that D.C.Code 1973, § 22–3214(b), which states:

No person shall within the District of Columbia possess, with intent to use unlawfully against another, an imitation pistol, or a dagger, dirk, razor, stiletto, or knife with a blade longer than three inches, or other dangerous weapon

is unconstitutionally vague.

At trial, Metropolitan Police Officer Phillip Norris testified that on November 27, 1974, he responded to a call at an apartment building on Sixteenth Street, N.W. Upon arrival, he was met by Roger Warrick who was bleeding from a wound in his neck. Warrick told Officer Norris that he and appellant had had an argument and that appellant had cut him. Officer Norris went to appellant's apartment and arrested him. Officer Norris testified that immediately following appellant's arrest his partner read to him his *Miranda* rights. After appellant acknowledged that he understood his rights, Officer Norris asked him if he cut Warrick. Appellant responded affirmatively and a utility knife which he admitted was the weapon was recovered from his pants pocket. Officer Norris further testified that appellant did not sign the standard police form by which an arrestee acknowledges that he has been informed of and understands his rights.

Appellant testified that the utility knife was his, that he was extremely fearful of Warrick, and that he and Warrick had argued that evening. He could not remember whether he cut Warrick, but if he did, it was in self-defense. He contradicted Officer Norris by testifying that he was not read his rights until he reached the police station and by stating that he could not remember telling Officer Norris that he had cut Warrick.

Appellant's contention that the police did not give the *Miranda* warnings immediately after the arrest and before the incriminating statements were made, gives rise to a credibility question of the sort which

is to be determined by the trier of fact, and his determination is not subject to review nor will it be set aside on appeal. [Citations omitted.] [*Cooper v. United States*, D.C.App., 248 A.2d 826, 828 (1969).]

As the trial court found that the *Miranda* warnings were given, we then consider whether appellant knowingly and intelligently waived these rights and voluntarily admitted to the police that he did cut Warrick. On this point appellant correctly states that the government has the burden of proving an effective waiver by a preponderance of the evidence. *Lego v. Twomey*, 404 U.S. 477, 92 S.Ct. 619, 30 L. Ed.2d 618 (1972); *Hawkins v. United States*, D.C.App., 304 A.2d 279 (1973).[3] In

1. D.C.Code 1973, §§ 22–505, 22–3214(b).

2. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

3. Appellant suggests that the trial court disagreed with this legal principle and based its ruling on an erroneous standard as to the burden of proof. The court's dialogue with counsel is ambiguous, however, and was, in context, an apparent misunderstanding of counsel's argument. As we read the record, the court was saying that no presumption of involuntariness arises when a *Miranda* warning is given and, with no suggestion of any

determining whether there is a valid waiver the trial court may "properly consider the absence of circumstances tending to militate against a valid waiver." *United States v. McNeil,* 140 U.S.App.D.C. 3, 6, 433 F.2d 1109, 1112 (1969); *cf. Rosser v. United States,* D.C.App., 313 A.2d 876, 878 (1974). Appellant does not allege nor does the record disclose any coercion, threats, cajolery or prolonged interrogation by police which would tend to support a claim of involuntariness. Indeed, the interrogation was brief, to the point, and at appellant's apartment. There is no evidence that appellant was under the influence of alcohol or drugs and thus incapable of understanding the warnings read to him. Despite the absence of such factors, appellant nonetheless asserts that the failure to secure his signature on the standard police form which acknowledges that an arrestee understands his rights and chooses to waive them, precludes a finding of a knowing and intelligent waiver. While this is a factor to be considered in determining the effectiveness of a waiver, we reject the premise that it is a prerequisite to a valid waiver. As one court has stated:

> Just as the mere signing of a boilerplate statement to the effect that a defendant is knowingly waiving his rights will not discharge the government's burden, so the mere absence of such a statement will not preclude as a matter of law the possibility of an effective waiver. [*United States v. Hayes,* 385 F.2d 375, 377 (4th Cir. 1967), *cert denied,* 390 U.S. 1006, 88 S.Ct. 1250, 20 L.Ed.2d 106 (1968).][4]

■ Coupled with this lack of factors supporting appellant's contention of invol-untariness is the fact that the trial judge had both the benefit of hearing and evaluating the contradictory testimony of appellant and Officer Norris and the opportunity to observe their demeanor. Ultimately the trial judge chose to believe Officer Norris' version of the events and as there is sufficient evidence to support his conclusion that appellant knowingly and intelligently waived his constitutional rights, we cannot disturb it.

■ Appellant's second claim of error must be rejected as it is in direct conflict with past rulings of this court. In *Cooke v. United States,* D.C.App., 213 A.2d 508, 510 (1965), in considering a claim of double jeopardy based upon consecutive sentences imposed after a conviction of assault and possession of a prohibited weapon, we stated:

> Here appellant was convicted of assault and possession of a prohibited weapon, both offenses arising out of his attack on his wife. But to sustain the assault charge, the government merely had to prove that appellant attempted to inflict bodily injury. No evidence of possession of a weapon was needed. The weapon charge, on the other hand, required proof of such possession, but did not require evidence of an attempt to do harm. Since each offense demanded proof of an essential element not needed in the other, they were clearly separate and distinct. . . .[5]

■ Appellant's third argument on appeal, that the utility knife involved here is not a dangerous weapon and that D.C.Code 1973, § 22–3214(b) is unconstitutionally vague, must similarly be rejected as it con-

---

*impropriety,* the accused makes an incriminating statement without affirmatively acknowledging that he understands his constitutional rights and wishes to waive them.

4. We nevertheless agree with appellant that it is the better practice for the police to follow their own internal regulations concerning *Miranda* warnings which direct the

officers to have arrestees sign all waivers. *See* Metropolitan Police Department General Order Series 701.1, Part I, Sec. M.

5. *Accord, Jenkins v. United States,* D.C.App., 242 A.2d 214, 216–17 (1968); *Willis v. United States,* D.C.App., 250 A.2d 569 (1969).

flicts with our ruling in *United States v. Brooks,* D.C.App., 330 A.2d 245 (1974).

*Affirmed.*