George R. WOODY, Appellant,

v.

UNITED STATES, Appellee.

Nos. 9117, 10888.

District of Columbia
Court of Appeals

Argued Dec. 7, 1976.

Decided Feb. 10, 1977.
Rehearing en Banc Denied
April 26, 1977.

Nathan Rubinstein, Bethesda, for appellant.

Neil A. Kaplan, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry and Albert H. Turkus, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before KERN, GALLAGHER and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

Appellant was tried and convicted of armed robbery (D.C. Code 1973, §§ 22–2901, 22–3202), robbery (D.C. Code 1973, § 22–2901), assault with a dangerous weapon (D.C. Code 1973, § 22–502) and possession of a prohibited weapon (D.C. Code 1973, § 22–3214(b)). On appeal he challenges his conviction in four respects: (1) the failure of trial counsel to investigate the case and make proper objections at trial consti-

tuted ineffective assistance of counsel; (2) various omissions by counsel, including the failure to object to a jury instruction, amounted to plain error so as to require a new trial; (3) the trial court improperly denied a motion for a new trial based on newly discovered evidence; and (4) the convictions for robbery, assault with a dangerous weapon, and possession of a prohibited weapon must be vacated since such offenses are merged in the armed robbery conviction. We affirm the convictions for armed robbery and possession of a prohibited weapon, but vacate the convictions of robbery and assault with a dangerous weapon.

Briefly, the government's evidence established that appellant robbed the owner of a liquor store at gunpoint on the afternoon of July 31, 1974. At the very moment of the robbery, three Metropolitan Police officers were in a marked patrol car in the immediate vicinity. As they passed the liquor store, one officer glanced out the rear window and saw a man running from the store. The officers observed him get into the passenger side of an automobile parked near the store and, seconds later, saw the complainant come out of the store waving his arms and gesturing towards the fleeing man. The officers immediately followed the car and apprehended its two occupants after a high-speed chase. Appellant was then returned to the scene where the complainant positively identified him as the robber.

Appellant first argues that his conviction cannot stand because he was deprived of effective assistance of counsel in violation of the Sixth Amendment. This court in *Angarano v. United States*, D.C. App., 312 A.2d 295 (1973), *petition for reconsideration denied*, 329 A.2d 453 (1974) (en banc), endorsed the test adopted in *Bruce v. United States*, 126 U.S.App.D.C. 336, 379 F.2d 113 (1967), and *Cooper v. United States*, D.C.App., 248 A.2d 826 (1969), for evaluating claims of ineffective assistance of counsel. An attorney's representation will not be deemed ineffective unless "there has been gross incompetence

of counsel and that this has in effect blotted out the essence of a substantial defense." *Bruce v. United States, supra,* 126 U.S.App.D.C., at 339–40, 379 F.2d at 116–17. This standard of constitutional ineffectiveness applies only as a remedy in exceptional cases, and "an attack upon trial counsel is not a device to be used on appeal except in the most severe cases of glaring ineptitude." *Angarano v. United States, supra* at 300. Moreover, a substantial defense lost due to incompetence must be shown to be a defense as a matter of law and available from facts known or obvious to the trial attorney. *Id.* Mere errors of judgment as disclosed by subsequent events or hindsight are not sufficient to establish ineffective assistance. *United States v. Hammonds,* 138 U.S.App.D.C. 166, 425 F.2d 597 (1970).

■ In the present action, appellant Woody bases his claim of inadequate representation on a variety of tactical decisions and omissions by trial counsel which cannot be considered to have resulted in a constitutional infirmity.[1] A reading of the record indicates that these omissions, either separately or in the aggregate, did not blot out the essence of a substantial defense. Viewed objectively, appellant's representation was effective and strategically prudent. Having so concluded, we need not discuss appellant's contention that his due process right to a fair trial was also violated.

■ Appellant argues next that the trial court's instruction concerning the flight of a defendant from the crime scene was plain error which independently requires reversal. He contends that the instruction was fatally defective because it omitted a statement that flight may be motivated by factors which are fully consistent with innocence. We agree that the instruction

was incomplete but do not agree that it or other omissions by trial counsel constituted plain error affecting substantial rights of the defendant. *See* Super.Ct.Cr.R. 52. The instruction is virtually identical to a charge given by the trial court in *Austin v. United States,* 134 U.S.App.D.C. 259, 414 F.2d 1155 (1969), which was found inadequate but amounted only to harmless error.

We also reject appellant's contention that the trial court abused its discretion in denying a motion for a new trial based on newly discovered evidence and in precluding a hearing on such motion.

■ The prerequisites for granting a new trial because of newly discovered evidence are: (1) the evidence must have been discovered since the trial; (2) the party seeking the new trial must show diligence in the attempt to procure the newly discovered evidence; (3) the evidence relied on must not be cumulative or impeaching; (4) it must be material to the issues involved; and (5) it must be of such a nature that in a new trial it would probably produce an acquittal. *Heard v. United States,* D.C.App., 245 A.2d 125 (1968). The trial court has broad discretion as to whether a new trial should be granted because of newly discovered evidence, and its action will not be disturbed on appeal unless an abuse of that discretion appears. *McDonnel v. United States,* 81 U.S.App. D.C. 123, 155 F.2d 297 (1946).

■ The various tactical decisions and omissions cited by appellant cannot properly be characterized as "newly discovered evidence". Also, in light of the strength of the government's evidence, it is not probable that they would lead to an acquittal at a new trial.

■ Finally, appellant Woody contends that his convictions of robbery, assault with a dangerous weapon and posses-

---

1. Specifically, appellant alleges that counsel failed to (1) secure a record of his bank account which might have been used to explain his possession of funds equal to that stolen in the robbery; (2) attempt to locate an unknown witness who appellant claimed was present in the liquor store at the same time of the robbery; (3) file pretrial motions; (4) object to any of the testimony or to misstatements of the evidence in the government's closing argument; (5) request or object to jury instructions; and (6) adequately consult with him prior to trial.

sion of a prohibited weapon merge into the armed robbery conviction and the sentences for those three offenses must therefore be vacated. The government concedes that the robbery and assault with a dangerous weapon convictions should be vacated, *Bell v. United States*, D.C.App., 332 A.2d 351 (1975), but argues that the possession of a prohibited weapon offense should stand. We agree. Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). A conviction under D.C.Code 1973, § 22–3214(b) for possession of a prohibited weapon requires proof of the specific intent to use the weapon unlawfully against another, an element not present in armed robbery, robbery, or assault with a dangerous weapon.

Accordingly, the convictions of robbery and assault with a dangerous weapon are vacated. In all other respects the judgment of the trial court is affirmed.

*So ordered.*