SYLVESTER MESSENGER, RESPONDENT, v. THE PATERSON SAVINGS INSTITUTION, ADMINISTRATOR OF THE ESTATE OF EFFIE J. CROUCH, DECEASED, APPELLANT.

Submitted December 10, 1917—Decided March 4, 1918.

1. There is no rule of law which interdicts proof of an express contract by indirect evidence.

2. There is nothing in the Evidence Act which prevents a person, who is being sued in a representative capacity, from waiving the rule of evidence, provided for in Section 4 of the act, made for his protection.
3. Counsel, on cross-examination, will not be permitted to speculate upon receiving a favorable answer to his question, and, if disappointed therein, to disavow the result of his own act, by having the answer stricken out.
4. After a question has been put to, and answered by, a witness, an objection and motion to "strike it out," without specifying whether it was the question or the answer to which the motion was directed, and without stating the grounds for the motion, was properly denied.

On appeal from the Supreme Court.

For the appellant, *John H. Reynolds* (*Francis Scott*, of counsel).

For the respondent, *Ward & McGinnis*.

The opinion of the court was delivered by

KALISCH, J. The respondent, the plaintiff below, brought his action against the appellant, the defendant below, in the Passaic Circuit, to recover the sum of $10,950 for services alleged to have been performed by him for the appellant's intestate during her lifetime.

The plaintiff's complaint contains two counts. The first count avers that on or about the 1st of January, 1896, the appellant's intestate, Effie J. Crouch, deceased, in her lifetime entered into a contract with the plaintiff whereby he agreed to perform work for her and for which work she was to pay him the sum of $2 per day, and that she further agreed to recompense the plaintiff in full for his services performed by him for her in her lifetime; that the plaintiff in accordance with the contract performed said work from the 1st day of January, 1896, to December 31st, 1902, and from the 1st day of May, 1903, to the 1st day of May, 1911, in all, seven hundred and eighty weeks, at $14 per week,

amounting to the sum of $10,950; that the plaintiff was paid the sum of $23.60 on account of said sum.

The second count is similar in terms to the first, with the exception that the second count contains the averment that the said appellant's intestate agreed to pay the plaintiff for his services as much as the same would be reasonably worth at the time of her decease, and that the said services were reasonably worth $14 per week.

The trial resulted in a judgment for the plaintiff against the defendant for $8,190. From that judgment the defendant appealed to the Supreme Court, which tribunal affirmed the judgment. The judgment is now before us for review on appeal from the Supreme Court.

The main contention of counsel for the appellant is that the evidence adduced at the trial failed to establish the contract set out in the plaintiff's complaint and upon which he sought a recovery against the defendant, and that therefore the trial judge erred in submitting the case to the jury for its consideration. The question whether there was any evidence warranting the submission of the facts of the case to the decision of a jury was raised by appellant's counsel by a motion that the plaintiff be nonsuited, and by a motion for a direction of a verdict in favor of the defendant, both of which motions were denied by the trial judge, and such denials were duly excepted to by counsel for defendant. A careful analysis of the testimony makes it quite obvious that the appellant's objection that the plaintiff's proof was insufficient in law to establish the contract relied on by him and set out in his complaint, is unsubstantial, in a most material respect, in that the objection goes rather to the nature of the proof adduced to establish the contract than to the contract itself.

There is no rule of law which interdicts proof of an express contract by indirect evidence.

There was, however, in the present case direct testimony which, if believed by the jury, warranted a finding that there was an express contract entered into between the plaintiff and intestate, as set out in the plaintiff's complaint.

All the essential elements of an express contract between them was proven. It is not denied that the plaintiff performed work for the appellant's intestate for the periods of time stated in his complaint. There is testimony that the intestate was heard to say to the plaintiff when he asked her for some of his wages, "That he could not have his wages till she died." "A bargain was a bargain. I have agreed to pay you at my death for what you have done for me and I won't give you any money until then."

These statements reasonably infer the existence of an express contract, as alleged in the plaintiff's complaint. There is other testimony of a like import tending to establish that the plaintiff was to be paid for his services by the intestate as a result of an express agreement to that effect concluded between them.

The motions, therefore, to nonsuit the plaintiff and for a direction of a verdict for the defendant were properly refused. A further reason for a reversal of the judgment, discussed in the appellant's brief, is predicated upon the following circumstances. The plaintiff, on cross-examination, testified that he had abandoned a profitable business in order that he could go to work for the intestate to help her care for her sick husband. Counsel for appellant in pursuing such examination asked this question: "What did you do it for?" The witness answered: "She made a promise to me that I was to work for her and she would settle." Counsel for appellant interposed and said: "I move to have that stricken out, I object." The trial judge denied the motion and an exception was taken.

The action of the trial judge was proper. The answer is apparently responsive to the question asked the witness. For the appellant it is argued that under the fourth section of the Evidence act such testimony was incompetent.

There is nothing in the Evidence act which prevents a person who is being sued in a representative capacity from waiving the rule of evidence made for his protection. Moreover, counsel will not be permitted to indulge in speculating

upon receiving a favorable answer to his question and if disappointed therein be allowed to disavow the result of his own act by having the answer stricken out.

· The second ground of appeal relied on by counsel for appellant and discussed in the brief relates to two questions consecutively asked of the plaintiff on his direct examination and answered by him without any objection having been interposed to their admissibility. After the plaintiff had answered the second question, counsel for appellant said: "I object to that and move to strike it out."

The objection came too late. The motion to strike out not only fails to indicate whether it was directed to the question or answer, but is also lacking in an essential requisite, in that it fails to apprise the trial judge of a legal basis for the motion. The motion was, therefore, properly denied.

The judgment of the Supreme Court is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, PARKER, BERGEN, MINTURN, KALISCH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 12.

*For reversal*—None.