**HILLYARD et al. v. SMITHER &
MAYTON, Inc.**

No. 944.

Municipal Court of Appeals for the
District of Columbia.

Argued Sept. 18, 1950.

Decided Oct. 26, 1950.

Joseph J. Lyman, Washington, D. C., for
appellants.

J. Robert Carey, Washington, D. C.,
with whom Michael F. Keogh and John F.
Costello, Washington, D. C., were on the
brief, for appellee,

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Defendants were the owners of premises which were gutted by fire. They employed plaintiff, a building contractor, to board up the doors and windows to protect the property pending adjustment with their insurance company as to the amount of the loss. An agreement as to the loss was finally reached and in consequence they received a check for $21,919.60 from the insurance company. This dispute involves an item of $415 on account of certain temporary repairs which plaintiff claims, was paid by the insurance company to defendants for plaintiff's benefit and therefore is recoverable by it. A jury awarded a verdict for plaintiff and defendants appeal.

Viewed most favorably to plaintiff, which is the view we must take in the light of the jury's verdict, the evidence supports the following recital. Of the $415 claimed, $150 represented the cost of boarding up the doors and windows. This item was ordered by defendants and they concede the correctness of the verdict to this extent. The remainder of $265 was plaintiff's charge for other emergency repairs including the installation of temporary wiring, removal of an oil tank from the basement, removal of oil from the basement floor, cutting a hole in the first floor, constructing a railing around this opening, and other minor temporary repairs. All of this work was done in order to permit a thorough inspection by the representative of the insurance company and by a private adjuster employed by defendants to reach an agreement with the insurance company on the amount of the loss.

The final offer of $21,919.60 made by the insurance company to defendants was based on an original replacement estimate made by plaintiff of $23,894, from which there was deducted 10%, or $2,389.40, on account of depreciation, leaving a balance owing from the insurance company to defendants on account of the fire loss of $21,504.60. To this amount was added $415, representing the emergency repairs, thus making a total of $21,919.60, the amount actually paid by the insurance company to defendants and accepted by them.

Thus plaintiff claimed payment from defendants of the $415 because $150 of this amount was the direct liability of defendants for work ordered by them and that the balance of $265 was due because such amount had been paid by the insurance company to defendants for the benefit of plaintiff.

■ There is ample support for the verdict of the jury viewed in this light. In addition to true contracts there are other so-called quasi-contracts which arise independently of the intention of the parties and which are founded upon the doctrine of unjust enrichment.[1] Under common-law pleading, actions on such quasi-contracts were brought in assumpsit for money had and received. This form of action was invented by the common-law judges to secure relief from the narrow restrictions of common-law procedure, which afforded no remedy in too many cases of merit. It is founded on the principle that no one ought unjustly to enrich himself at the expense of another, and the gist of the action is that the defendant has received money which in equity and good conscience should be paid to the plaintiff. The same effect is attained under modern pleading and was appropriate here. Thus the sum of $265 was recoverable by plaintiff from defendants on the theory that this amount was not paid by the insurance company to defendants as a part of the fire loss but was allowed to defendants for the benefit of plaintiff which had performed the work.

■ Defendants have made various assignments of error based largely upon procedural questions. They result, in part at least, from the manner in which the case was presented to the trial court. The or-

---

[1] 1 Restatement, Contracts, § 5 (1932); 12 Am.Jur., Contracts, §§ 6, 277, 278, 352, 353. See Carl Byoir & Associates v. Tsune-Chi-Yu, 2 Cir., 112 F.2d 885; Porter v. Hancock, 76 Ga.App. 534, 46 S.E. 2d 597; Heywood v. Northern Assur. Co., 133 Minn. 360, 158 N.W. 632; Seastrand v. D. A. Foley & Co., 144 Minn. 239, 175 N.W. 117.

168

iginal bill of particulars was based upon the claim that the entire $415 was due for work done and materials furnished at the request of defendants. In their answer defendants admitted owing $150 but denied that the remainder of the work had been ordered by them. There was evidence that the other extra work was actually ordered by the representative of the insurance company but that the adjuster for defendants was present when the work was being done, that it was necessary for a complete and safe inspection of the property, and that defendants' adjuster knew $415 had been added by the insurance company to the amount allowable as insurance loss and paid to defendants as representing the cost of the emergency repairs. There was a conflict in the evidence as to whether defendants themselves knew of such inclusion. This conflict was properly a question for the jury.

■ Plaintiff was permitted during the trial to amend its bill of particulars by adding a count which in effect made it a count for money had and received. This was entirely proper. The allowance of amendments to conform to the evidence is in accordance with modern practice [2] and is specifically authorized by Rule 15(b) of the Municipal Court "A" rules made applicable to "B" actions by "B" Rule 10. It has been held that a court may allow a party by amendment to proceed on the theory of quantum meruit or assumpsit where his original cause of action was based on an express contract.[3] It is clear that the bill of particulars as originally drawn was appropriate for the item of $150 which remained formally in the case until the verdict of the jury; the additional count was appropriate for the remainder of the amount claimed.

■ Municipal Court Rule 15 authorizes but does not require the trial court to grant a continuance to enable the objecting party to meet evidence not material to the complaint as originally drawn. After allowance of the amendment here, defendants moved for a continuance and for leave to bring in the insurance company's representative as a third party defendant. The trial court asked in what manner defendants could show surprise, and, when no such showing was made, overruled the motion. The granting or refusal of a continuance by the trial court is not reviewable except for abuse of discretion.[4] Whether a party shall be allowed to implead a third party is also discretionary with the trial court.[5] We are convinced from a study of the record that no surprise was shown here and that the trial court did not commit prejudicial error.

■ Several errors have been assigned with respect to the trial court's instructions to the jury. In addition to other instructions the court read from sections of American Jurisprudence relating to quasi-contracts, unjust enrichment, and promises made for the benefit of third persons. The text of the instructions is not included in the record, and we can not tell what parts of the sections in question were read. The record shows that defendants' only objection to the court's charge was confined to that portion of it relating to unjust enrichment. Upon defendants' objection and at their request, the court elaborated on its charge and accepted and gave examples offered by defendants' counsel. Under the circumstances, we can not consider such objections on appeal.[6] We find other assignments of error equally without merit.

Affirmed.

2. Robbins v. Jordan, D.C.Cir., 181 F.2d 793; Pyramid Nat. Van Lines v. Goetze, D.C.Mun.App., 66 A.2d 693.

3. Matarese v. Moore-McCormack Lines, 2 Cir., 158 F.2d 631; Blake v. Clyde Porcelain Steel Corporation, D.C.S.D.N.Y., 7 F.R.D. 768; cf. Robbins v. Jordan, D.C. Cir., 181 F.2d 793; Bowles v. Tankar Gas, D.C.Minn., 5 F.R.D. 230.

4. Thomas v. United States, 74 App.D.C.

167, 121 F.2d 905; Boyer v. United States, D.C.Mun.App., 40 A.2d 247; Taylor v. Yellow Cab Co., D.C.Mun.App., 31 A.2d 683.

5. General Taxicab Ass'n v. O'Shea, 71 App.D.C. 327, 109 F.2d 671; 3 Moore's Fed.Pract. 414 (2nd Ed.).

6. Frasca v. Howell, D.C.Cir., 182 F.2d 703; Snyder v. Thorniley, D.C.Mun.App., 62 A. 2d 316.