Mary G. ROEBLING, Appellant,

v.

C. Douglas DILLON, Secretary of the Treasury (substituted for Reconstruction Finance Corporation), Appellee.

No. 15689.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 28, 1960.

Decided Feb. 9, 1961.

---

1. Montgomery Ward & Co. v. Duncan, 311 U.S. at page 255, 61 S.Ct. at page 196.

Mr. John K. Pickens, Washington, D. C., with whom Messrs. M. Joseph Stoutenburgh and Jerry N. Griffin, Washington, D. C., were on the brief, for appellant.

Mr. H. Clay Espey, Washington, D. C., for appellee.

Before PRETTYMAN, BAZELON and FAHY, Circuit Judges.

387

FAHY, Circuit Judge.

The claim of Mary G. Roebling, plaintiff-appellant, to an accounting from the Reconstruction Finance Corporation,[1] based on a contract allegedly entered between the parties, is before us for the second time on appeal. We previously remanded the case on the ground that the limitation imposed on plaintiff by the District Court with respect to matters of discovery was not warranted.[2]

Plaintiff's claim is based on the breach of an express or implied-in-fact contract allegedly entered into between plaintiff's attorney and a representative of the RFC in Trenton, New Jersey sometime in May 1940, or, failing such proof, plaintiff seeks quasi-contractual relief.

Upon the second trial, heard by the court without a jury, RFC's motion to dismiss was granted at the conclusion of plaintiff's case, the court finding that no basis had been established for relief upon an express or an implied contract, and that no basis for finding a quasi-contract had been established. Plaintiff again appeals. We do not consider it necessary to restate the history of the case, which is set out at some length in our previous opinion. Note 2, supra.

 Directing our attention first to the contention that RFC has been unjustly enriched, leading to a quasi-contract, plaintiff's evidence fails to show that RFC would not be entitled to any benefit received as a result of the transactions set forth in our previous opinion. Disregarding for the moment the question whether the parties acted pursuant to an agreement, in order for plaintiff to establish unjust enrichment the benefit must be shown to have been unjustly retained. Bailis v. Reconstruction Finance Corp., 3 Cir., 1942, 128 F.2d 857. We do not think plaintiff has shown this. The manner in which she attempted to resolve

1. Robert B. Anderson, as Secretary of the Treasury, was substituted for the RFC as the functions of the latter were transferred to the Secretary. §§ 2(d), (e) and 3, Reorganization Plan No. 1 of 1957, 22 Fed.Reg. 4633 (1957), 5 U.S.

C.A. § 133z–15 note. Subsequently C. Douglas Dillion, who succeeded Robert B. Anderson as Secretary of the Treasury, was substituted as appellee.

2. Roebling v. Anderson, 103 U.S.App.D.C. 237, 257 F.2d 615.

the dispute which had arisen over the notes is consistent with her natural desire to restore the banking corporation, of which she was a major shareholder, to a sound financial condition. Nor do the facts show that RFC was not entitled to retain any benefit it received.

 The District Court concluded that plaintiff had proved no basis for holding RFC to an implied contract. Plaintiff contends that the course of dealings between herself and RFC is consistent only with the conclusion that RFC entered into the alleged agreement. In determining the existence of an implied-in-fact contract, however, the conduct of the parties is to be viewed as a reasonable man would view it in all the circumstances. St. Paul Fire & Marine Ins. Co. v. Indemnity Ins. Co., 1960, 32 N.J. 17, 158 A.2d 825; 1 Williston, Contracts § 36 (Jaeger ed. 1957). We are unable to say here that the conduct of the parties clearly enough reveals a promise by RFC to release shares of stock or other assets to plaintiff when conditions permitted as she contends.

 This leaves the question whether the negotiations between the parties gave rise to an express oral contract, there being no question that the alleged agreement as such was never reduced to writing by the parties. An express oral agreement is said to have resulted from a series of conferences held in Trenton in May 1940 between plaintiff's attorney and one Boggs, representing the RFC. Although direct evidence is not necessary to establish an express contract, Messenger v. Paterson Savings Inst., 1918, 91 N.J.L. 654, 103 A. 178, we think the testimony as to these negotiations does not measure up to the burden plaintiff must assume to establish the existence of a definite promise on the part of RFC to obligate itself to plaintiff. We reach the same conclusion with respect to the con-

tention of plaintiff that the conduct of RFC cannot be explained except on the basis of the existence of a contract. While there is some support for this contention,[3] we cannot say that the District Court should have resolved the doubtful issue in favor of plaintiff. She simply was not able to sustain her burden of establishing an express contract.

We also find no merit in other contentions of plaintiff-appellant, and, accordingly, the judgment of the District Court is

Affirmed.

---

3. The otherwise unexplained release of 1200 shares of preferred A stock to Mary Roebling in 1942, authorized by the RFC in June 1941, lends some support to the contention that an express agreement existed between plaintiff and RFC. And the notation concerning release of stock to plaintiff made by Durr of the RFC on a letter dated April 19, 1940, although the notation may have been made at an earlier stage in the negotiations, is also probative to some degree.