Thomas Ludlow ASHLEY, Appellant,

v.

Margaret Mary ASHLEY, Appellee.

No. 2923.

Municipal Court of Appeals for the
District of Columbia.

Argued March 1, 1962.

Decided April 19, 1962.

Rehearing Denied April 30, 1962.

Charles H. Mayer, Washington, D. C., with whom Lewis H. Shapiro and Arnold F. Shaw, Washington, D. C., were on the brief, for appellant.

Mark P. Friedlander, Jr., Washington, D. C., with whom Mark P. Friedlander and Blaine P. Friedlander, Washington, D. C., were on the brief, for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

HOOD, Chief Judge.

This action was originally commenced by appellee wife against appellant husband for maintenance for herself and their infant daughter. The trial court found that the parties had separated in January 1957 and that the wife was entitled to the custody of the child and to maintenance for herself and the child; and an order to that effect was entered on September 9, 1957. The parties continued to live separate and apart but in October 1960 the wife moved for an increase in maintenance mainly on the ground that a second child had been born to the parties on May 11, 1960. The husband opposed the increase and denied that he was the father of the second child. The hearing on the motion centered largely on the question of the paternity of the second child.

After a full hearing the court found that "the testimony as a whole pertaining to the alleged unfaithfulness of the wife with another man was most unconvincing" and found that the husband was the father of the second child. Accordingly the court ordered the husband to pay an increased amount for maintenance of the wife and the two children.

On this appeal the husband asserts that the trial court gave too much weight to the presumption of the legitimacy of a child born in wedlock. He contends that the presumption is entitled to little or no weight when the parties, though still married, have lived separate and apart for several years. We do not believe the presumption was the decisive factor in the trial court's decision. Essentially the question in this case, as in most disputed paternity cases, was whether the man or the woman was stating the truth; and the trial court resolved this issue in favor of the wife.

■■ The husband also strongly urges that the finding of the trial court was in direct conflict with the great weight of the evidence. It is not the function of this court to determine whether the finding of the trial court on an issue of fact was right, or to justify that finding. We review for errors of law and not for errors of fact; and except for errors of law, we are expressly forbidden to set aside the judgment of the trial court, sitting without a jury, unless the judgment "is plainly wrong or without evidence to support it." Code 1961, 11–772(c). Here, as we have said, the issue depended essentially on the credibility to be accorded to the parties. This was a matter strictly and entirely within the province of the trial court. Keeping within the bounds of our reviewing power, we cannot say the judgment was plainly wrong or without evidence to support it.

Affirmed.

CAYTON, Judge (dissenting).

I would return the case for a new trial. I think it is plain that the trial court improperly invoked and misapplied the presumption of legitimacy, in holding that the child had been born in wedlock. These parties had been separated for some twenty-eight months when, according to the wife, she had sexual relations with her husband in his office at a time which, under the evidence, may or may not have been within the gestation period.

This is by no means merely a question of a wife's charge and a husband's denial. The wife admitted that her first child had been born two months prematurely and that her doctor told her he expected the second one also to be premature. Yet her doctor was not called to give evidence as to the actual length of the pregnancy, the weight of the infant, the nature of the delivery, or other facts or circumstances which would shed light on the crucial question as to whether the child was born after a full-term pregnancy, or a much shorter one. Nor did the mother provide any satisfactory basis for determining this question.

There was an array of bizarre and highly suspicious circumstances in this case, including the wife's alleged admissions in conversations and in telegrams, that another man, identified by name, was the real father. But even without these, I think there was clear error in applying the presumption of legitimacy.