Victoria-Marina PATTERSON, Appellant,

v.

Kirby W. PATTERSON, Appellee.

No. 3162.

District of Columbia Court of Appeals.

Argued Feb. 4, 1963.

Decided Feb. 21, 1963.
Rehearing Denied March 13, 1963.

**300**

Charles R. Richey, Washington, D. C., for appellant.

Kirby W. Patterson, Washington, D. C., pro se.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

PER CURIAM.

This appeal stems from the refusal of the trial court to grant appellant wife either a limited divorce or separate maintenance. She also complains of the inadequacy of support allowed for three minor children and of failure to award counsel fees.

Appellant contends that the evidence does not support the findings by the trial court that the husband was not guilty of physical and mental cruelty toward her, that she was not justified in leaving the marital abode, and that she was not entitled to separate maintenance.

Necessarily these were issues of fact on which the wife and husband were in dispute and their testimony in conflict. The trial court resolved these issues in favor of the husband. Nothing can be gained by detailing the evidence. Suffice it to say that as there was competent evidence to support the findings, set forth in a lengthy opinion by the court denying the limited divorce and separate maintenance, we cannot rule there was error. It is not within our power to reconsider or reweigh the evidence and to substitute our findings for those of the trial court.

In the light of the financial circumstances of the parties, we cannot say that the amount awarded by the trial court for the support of the minor children was not commensurate with the father's ability to provide for them.

As to the omission in the final order of any fee for appellant's counsel, it would appear that, aside from a prayer in the complaint, there was no direct application to the trial court for such a fee and we are unable to say whether the court's omission of an award was intended as a denial. In view of this uncertainty, our decision is without prejudice to an application by appellant to the trial court for counsel fees.

Affirmed.