Inez RICHARDSON, Appellant,

v.

J. C. FLOOD COMPANY, a corporation, Appellee.

No. 3176.

District of Columbia Court of Appeals.

Argued March 11, 1963.

Decided April 25, 1963.

Leland T. Johnson, Washington, D. C., for appellant.

Hillel Abrams, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Judges.

MYERS, Judge.

This is an appeal by a property owner from a judgment against her for costs of labor and material furnished by appellee plumbing company.

Appellant contends there was error in the findings of the trial court that all work done by appellee was authorized by her and that there was sufficient competent evidence to substantiate the amount of recovery.

Appellant requested appellee to correct a stoppage in the sewer line of her house. In

the course of the work a "snake" used to clear the line leading to the main sewer became caught and to secure its release a portion of the sewer line in the backyard was excavated. It was then discovered that the instrument was embedded in pieces of wood which had become lodged in a sewer trap from surface debris. At this time numerous leaks were found in a rusty, defective water pipe which ran parallel with the sewer line. In order to meet District regulations, the water pipe, of a type no longer approved for such service, had to be replaced then or at a later date when the yard would have to be redug for that purpose. Appellee's agent testified he so informed appellant's agent. Appellant testified she had requested appellee to clear the sewer line but denied she was told about the need for replacement of the water line and contested the total amount of the charges for all the work done by appellee.

 In the absence of a written contract, but with appellant admitting she had requested correction of a sewer obstruction but denying she had agreed to replace the water pipe, the existence of an implied agreement between the parties to replace the water pipe at the same time became an issue for the trial court.

 It seems clear from the record that there was evidence to support a finding that appellant and her agents through daily inspections of the repairs knew of the magnitude of the work required and made no objection to the performance of the extra work in replacing the water pipe until after the entire job was finished when appellant refused to pay any part of the total bill submitted.

 Contracts for work to be done are either express or implied—*express* when their terms are stated by the parties, *implied* when arising from a mutual agreement and promise not set forth in words.[1] Direct evidence is not essential to prove a contract which may be presumed from the acts and conduct of the parties as a reasonable man would view them under all the circumstances.[2] The testimony was conflicting but we cannot say that the trial court was wrong in holding that the burden of proving its right to recover had been carried by appellee.

 With respect to the costs of both jobs the record reveals that no testimony was offered by appellant to show that itemized amounts for labor and materials furnished by appellee were wrong or excessive and unreasonable or that the work performed was either unnecessary or unsatisfactory. Appellee produced testimony that the charges were fair and reasonable and that the work on both the sewer and the water lines was fully completed. We find no merit in appellant's claim of error that the evidence on the costs of labor and material was insufficient to support the finding on this point.

 We have frequently had occasion to state that, except for errors of law, we are expressly forbidden to set aside a judgment of the trial court, sitting without a jury, unless the judgment "is plainly wrong or without evidence to support it." D.C. Code, 1961 § 11–772(c). We have no authority to retry issues of fact and to substitute our own findings[3] where, as here, there is competent evidence to sustain the findings of the trial court.

Affirmed.

1. Williston, Contracts, § 8–11 (3rd ed., 1957); Roebling v. Anderson, 103 U.S. App.D.C. 237, 257 F.2d 615.

2. Roebling v. Dillon, 109 U.S.App.D.C. 402, 288 F.2d 386, 388; Burgess v. Grooms, D.C.Mun.App., 81 A.2d 338; 12 Am.Jur. Contracts, § 4.

3. Patterson v. Patterson, D.C.App., 188 A. 2d 299; Haslen Sales Corp. v. Washmobile Corp., D.C.Mun.App., 184 A.2d 855, 856; Cope Ford, Inc. v. Lastfogel, D.C. Mun.App., 184 A.2d 206; Ashley v. Ashley, D.C.Mun.App., 179 A.2d 905.