MONARCH CONSTRUCTION CORPORATION, a corporation, Appellant,

v.

J. H. MARSHALL & ASSOCIATES, INC., ASSIGNEE OF ATCHISON & KELLER, INC., Appellee.

No. 3740.

District of Columbia Court of Appeals.

Argued Sept. 20, 1965.

Decided Nov. 5, 1965.

Margaret A. Haywood, Washington, D. C., for appellant.

Marvin E. Perlis, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge:

Prior to July 1963 Monarch Construction Corporation occupied certain office space in a shopping center in Maryland managed by Woodmoor Servicecenter, Inc. About July 12, 1963, Monarch took over additional space in the same building. On August 16, 1963, the parties executed a written lease, retroactive to July 1, 1963, which stated that "Lessor [Woodmoor] will provide air conditioning * * *."

About July 1, 1963, Woodmoor contracted with Atchison & Keller for the installation of air conditioning in the first-acquired space and paid for this work. On the date Monarch moved into the additional space its foreman telephoned Atchison & Keller and arranged to have it extend the air conditioning ducts from the original space into the new area, which work was completed at a cost of $64.00. On August 7, 1963, Monarch's employee called Atchison & Keller to correct a malfunctioning of the air conditioning. This was adjusted at a cost of $76.00. Atchison & Keller was again called by Monarch on August 19, 1963, to repair a leak in the ceiling, allegedly due to the negligence of an electrician employed by Monarch, which resulted in a charge of $64.64. When Monarch refused to pay for this work, the bills were assigned for collection to appellee, which filed the present suit against Monarch. The case was tried without a jury. At the conclusion of all testimony and after argument of counsel the judge held that Monarch "was clearly responsible for the repair of damage caused by its employee, the hole in the pipe, and that [appellee, assignee of Atchison & Keller] had proved by a preponderance of the evidence [Monarch's] liability for the other work done." Monarch assigns as error that these conclusions are contrary to the weight of the evidence.

Admittedly there is conflict in the testimony between the witnesses for Monarch and those for appellee as to the responsibility of Monarch to pay for the work heretofore described.[1] Appellant insists its landlord, Woodmoor, had directed it to arrange for the extension of the air conditioning to the new quarters [2] and that by

---

1. It is conceded the work was satisfactorily completed and that the charges were reasonable.

2. Appellant also disputes the authority of its employee to order the additional work in its name, but we find no merit in this argument as there is ample evidence to support the fact that the employee in ordering the extension of the air conditioning was acting on behalf of Monarch and within the scope of his employment.

virtue of its lease with Woodmoor it was not obligated to pay for air conditioning the later-acquired space. The testimony of a representative of Woodmoor,[3] appearing as a witness for appellee, was that it had not authorized Monarch to order the additional work and had no knowledge it was being performed. Appellee's position is that its assignor [Atchison & Keller] was not aware of any agreement between Woodmoor and Monarch that the former would provide air conditioning and that in doing the work, payment of which is here in dispute, Atchison & Keller dealt only with Monarch through its foreman and appellee therefore was required to look only to appellant for payment.

Whatever may have been the agreement between Woodmoor and appellant with reference to the responsibility of the landlard for air conditioning the premises, we are here concerned only with a contract dispute between a tenant and a third party who performed work for the tenant at the latter's request. In our opinion the record substantiates that appellant ordered the work without any intimation it was not acting as a principal and that Atchison & Keller was justified in concluding Monarch was obligating itself to pay.

Appellant contends the judgment was contrary to the weight of the evidence. It has long been established that the probative weight to be given evidence is within the exclusive province of the trier of facts.[4] Where, as here, there is substantial although conflicting evidence to support the decision of the trial judge, we cannot say it was plainly wrong and set it aside or substitute our own judgment for that of the trial judge.[5]

3. At the start of the trial, appellant moved to dismiss the case on the ground of *forum non conveniens* because it is a Maryland corporation, the work was done in the Maryland offices of Monarch, and its landlord, Woodmoor, was located in Maryland, or for a continuance to bring in Woodmoor as a third party defendant. These motions were denied.

There being no error as a matter of law which requires that we reverse, the judgment is

Affirmed.

4. Davis v. Humphreys & Harding, Inc., D.C.App., 205 A.2d 309 (1964); Morgan v. Gilmer, D.C.App., 200 A.2d 83 (1964); Lipsey v. Harriet, D.C.App., 192 A.2d 529 (1963).

5. D.C.Code, 1961, § 11–772(c); Richardson v. J. C. Flood Company, D.C.App., 190 A.2d 259 (1963); Patterson v. Patterson, D.C.App., 188 A.2d 299 (1963).