**UNITED VENDING SERVICE, INC., a Delaware corporation, Appellant,**

v.

**EVERGLAZE, INC., a District of Columbia corporation, Appellee.**

No. 3940.

District of Columbia Court of Appeals.

Argued Sept. 7, 1966.

Decided Oct. 3, 1966.

Donald Cefaratti, Jr., Washington, D. C., with whom William E. Cumberland, Washington, D. C., was on the brief, for appellant.

Abraham Chaifetz, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

Everglaze sued United Vending Service (hereinafter called "United") to recover $2,500, the balance due for work, labor and materials under an oral contract to install a "Torginol"[1] floor and wall in Unit-

---

1. "Torginol" is a process of floor refinishing utilizing colored chips and liquid glaze which is supposed to be watertight and impervious to grease.

ed's commissary. United's answer alleged inferior and negligent workmanship and failure to comply with the contract and included a counterclaim for $1,000, the amount allegedly required to correct the defective work. The total cost of the installation was $3,500, and United had paid $1,000 on account. Following judgment for Everglaze on both the complaint and counterclaim and the denial of a motion for a new trial, United appealed.

The floor surface was supposed to have the consistency of an orange peel; instead, it was pitted and cratered. In addition, dirt was imbedded in the glaze under the surface so that even after cleaning, it appeared to be dirty. United's witness claimed that the pitting was caused by a too heavy coating of glaze, although he did admit that it might have been due to the inherent nature of the material. Witnesses for Everglaze contended that the condition was brought about because United had not allowed the surface to harden and dry for twenty-four hours as instructed, but had moved in heavy equipment shortly after the job was completed. They also stated that this was the cause of the shading effect and that the subsurface dirt was tracked in by United's men who were moving the machinery. Testimony concerning cracking in the glaze and alleged leaking was introduced by United, but the location of the leak could not be pinpointed and the crack was explained as an expansion joint. As for the wall, it was not disputed that United had originally ordered a rough finish although it now wanted a smooth one, and that the job was properly done. It was further shown that Everglaze had reglazed about seventy-five percent of the floor but that United had refused to let its workmen finish. As of the date of trial, no expenses had been incurred by United to correct the alleged defects. An estimate of $3,530 was introduced as the cost of redoing the entire installation.

2. D.C.Code § 11–772(c) (1961); Monarch Const. Corp. v. J. H. Marshall & Assoc., Inc., D.C.App., 213 A.2d 894

It is fundamental that an appellate court will not retry issues of fact, and where there is substantial evidence to support the decision of the trial court, that decision will no be disturbed.[2] The case at bar involves questions of fact and falls squarely within this rule. After reviewing the record, we are convinced that there was substantial evidence to support the trial court's decision.

Affirmed.

(1965); Richardson v. F. C. Flood Company, D.C.App., 190 A.2d 259 (1963).