**Dolphin G. THOMPSON, t/a Associated Counselors International, Appellant,**

v.

**Jacquelyne JACKSON, Appellee**

No. 4564.

District of Columbia Court of Appeals.

Submitted April 15, 1969.

Decided Aug. 7, 1969.

---

---

Donald H. Dalton, Washington, D.C., was on the brief for appellant but withdrew prior to submission.

Maxwell A. Ostrow and Maurice Friedman, Washington, D.C., for appellee.

· Before HOOD, Chief Judge, and KELLY and GALLAGHER, Associate Judges.

PER CURIAM:

Appellee, plaintiff below, filed suit alleging that appellant had refused to pay for her services which were performed at appellant's request. There was a trial by jury and a verdict was returned for appellee.

■ Appellant's principal argument is that the trial court erred in denying his motion for a directed verdict and submitting the case to the jury, since appellee's testimony was too vague and uncertain to make out a prima facie case, and since the essentials of a contract were not proved. We have carefully reviewed the record, giving appellee the benefit of all reasonable inferences.[1] Examined in that light, the testimony was sufficient to permit a reasonable mind to believe that appellant had commissioned appellee, a Ph.D. sociologist, to prepare a research prospectus for compensation; that she had in fact prepared such a prospectus; and that appellant had refused to pay reasonable compensation for her work. This showing was sufficient to allow the case to go to the jury. Cf. Jones v. Garner, D.C.Mun.App., 148 A.2d 719 (1959). Although there was conflicting testimony, the jury's verdict was supported by substantial evidence and is not clearly erroneous.[2]

■ Appellant also complains of the conduct of the trial judge. While he argues that the court's examination of appellant impressed a misconstruction of the contract upon the jury, the record reveals only impartial efforts by the court to clarify issues left unexplored by counsel. Similarly, the court's lucid exposition of possible verdicts in the instructions to the jury clearly was not damaged by a single jesting remark.

1. Presley v. Commercial Credit Corp., D.C. Mun.App., 177 A.2d 916 (1962).

2. D.C.Code 1967 § 17–305(a) ; Richardson v. J. C. Flood Co., D.C.App., 190 A.2d 259, 261 (1963).

Appellant was in no way deprived of his right to have the issues tried fairly.

Our examination of the record reveals no substantial error.

Affirmed.