**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN & HELPERS OF AMERICA (AIRLINE DIVISION), Appellant,**

v.

**ASSOCIATION OF FLIGHT ATTENDANTS, AFL–CIO, Appellee.**

**No. 88–7075.**

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 27, 1988.

Decided Dec. 23, 1988.

James A. McCall, Washington, D.C., for appellant.

Edward J. Gilmartin, with whom Deborah Greenfield, Washington, D.C., was on the brief, for appellee.

Before MIKVA and D.H. GINSBURG, Circuit Judges, and ROSENN,* Senior Circuit Judge, United States Court of Appeals for the Third Circuit.

Opinion for the Court filed by Circuit Judge MIKVA.

MIKVA, Circuit Judge:

This case involves a dispute between two rival unions over attorneys' fees and costs. In the underlying suit, the International Brotherhood of Teamsters, Airline Division ("IBT") alleged that the Association of Flight Attendants ("AFA") was unjustly enriched as a result of IBT's purported obligation to process over 1000 unresolved grievance claims that were previously AFA's responsibility. The district court granted AFA's motion for summary judgment and subsequently awarded AFA $23,-106.89 in attorneys' fees and costs. The district court's fee award was made on three grounds: Rule 11 of the Federal Rules of Civil Procedure, the bad faith exception to the American rule, and 28 U.S.C. § 1927.

We affirm the district court's award of attorneys' fees and costs in this case, but solely on the basis of its exercise of discretion under Rule 11. We therefore do not reach IBT's arguments under the bad faith exception and section 1927.

I.

A. *Background*

On January 28, 1986, Northwest Airlines, Inc. ("Northwest") applied to the Department of Transportation ("DOT") for approval of its application to acquire Republic Airlines, Inc. ("Republic"). The prospective merger raised a question as to which union would represent the post-merger flight attendants—prior to the acquisition, IBT represented the approximately 3,600 Northwest flight attendants; AFA represented the approximately 2,600 Republic flight attendants.

On August 1, 1986, after DOT approved Northwest's application to acquire Republic, AFA filed an application for an Investigation of Representation Dispute with the National Mediation Board ("NMB") to trigger an NMB-conducted election under the Railway Labor Act, *see* 45 U.S.C. § 152 Ninth. On August 12, 1986, however, when the merger was consummated, Northwest announced that it would recognize IBT as the exclusive new representative of the post-merger flight attendants. AFA sought a clarification from the NMB that its certification had survived the merger, but the NMB ruled on September 16, 1986 that AFA's certificate had been extinguished by the merger. *See Northwest Airlines, Inc.,* 13 N.M.B. 399 (1986). AFA sought reconsideration, but the NMB on November 7, 1986 upheld its previous ruling. Three days later, when the ballots were counted, IBT had won the election.

During the election campaign, IBT claimed that AFA had failed to process over 1000 grievances since 1979 despite having collected dues and other fees from the Republic flight attendants for this purpose. On September 30, 1986, six weeks before the election, IBT sued AFA in the Superior Court of the District of Columbia for unjust enrichment and injunctive relief, alleging that AFA had been unjustly enriched by failing to process the outstanding employee grievances. On October 28, 1986, the district court below granted AFA's petition for removal to federal court

* Sitting by designation pursuant to 28 U.S.C.      § 291(a).

on the ground that it appeared that the complaint raised issues of federal law.

On June 29, 1987, the district court granted AFA's motion for summary judgment, finding that IBT failed to state a claim upon which relief could be granted. *International Brotherhood of Teamsters v. Association of Flight Attendants*, 663 F.Supp. 847 (D.D.C.1987) ("Merits Mem. Op."). On January 25, 1988, the district court granted AFA's motion for attorneys' fees and costs of $23,106.89. *International Brotherhood of Teamsters v. Association of Flight Attendants*, No. 86–2834 (D.D.C. Jan. 25, 1988) ("Fees Mem. Op.") [1988 WL 8278]. IBT appeals the latter ruling to this court.

### B. *The Underlying Litigation*

IBT's complaint, relying on the common law equitable doctrine of unjust enrichment, alleged that AFA's failure to process grievances filed on behalf of the Republic flight attendants between 1979 and 1986 harmed IBT. IBT sought $500,000 in restitution for expenses incurred in processing the outstanding grievance claims and an injunction ordering AFA to turn over its grievance files.

AFA responded by petitioning for removal to federal court, arguing that IBT's claims regarding AFA's handling of grievances arose under the duty of fair representation imposed by the Railway Labor Act. IBT did not oppose this petition, and on October 28, 1986, the district court granted AFA's petition for removal.

AFA then moved for summary judgment on the basis, *inter alia*, that there were no disputed issues of material fact, that IBT's state claims were preempted by federal labor law, and that IBT's complaint failed to state a claim upon which relief could be granted. IBT responded to this motion by moving to remand the case to state court, arguing that no federal cause of action had been alleged and that the case did not involve the interpretation of provisions in a collective bargaining agreement.

The district court granted summary judgment for AFA, finding subject matter jurisdiction on three grounds. First, the court held that, under the "well-pleaded complaint" rule, IBT's complaint, which alleged that AFA had a duty to process the grievances, required the interpretation under der federal law of various collective bargaining agreements between AFA and Republic flight attendants. Merits Mem. Op., 663 F.Supp. at 852. Second, the court maintained that IBT's suit, which involved whether AFA processed grievances in an arbitrary manner, required determining whether AFA had breached its duty of fair representation under federal law. *Id.* at 852. Finally, the court found that "congressional intent to pre-empt suits for violation of collective bargaining agreements, including suits *between* labor organizations, is clear from the face of the jurisdictional provisions in section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a)." *Id.* at 852 (citing *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987)). The court concluded that IBT "appear[ed] to have 'artfully pleaded' unjust enrichment in order to avoid necessary federal questions." *Id.* at 852–53.

In short, the court held that federal jurisdiction in this case was proper because IBT's "state law claim of unjust enrichment is inextricably intertwined with an application of federal labor law principles." *Id.* at 854. The court reasoned that it could not reach IBT's unjust enrichment claim "without first confirming that AFA was duty-bound to process the grievances at issue and, in bad faith, it failed to fulfill this duty," which, in turn, "implicates an analysis of the collective bargaining agreements involved, as well as the federal principles of fair representation." *Id.* at 853.

On the merits of IBT's suit, the district court held that IBT had failed to state a cause of action under either federal or state law. The court found that AFA had not breached any duty of fair representation in its handling of the grievances and that IBT had no claim against AFA in any event because any such duty would be owed only to the union's members. *Id.* at 854.

With respect to IBT's state law claim of unjust enrichment, the court stated that the elements of such a claim were:

1. A benefit conferred upon the defendant by the plaintiff;

2. An appreciation or knowledge by the defendant of the benefit; and

3. The acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value.

*Id.* at 854 (citing S. Williston, *A Treatise on the Law of Contracts* § 1479, at 276 (3d ed. 1970)).

The district court held that IBT had failed to state a claim of unjust enrichment, because as a matter of law, IBT had not conferred any benefit upon AFA. Merits Mem. Op. 663 F.Supp. at 854. The court reasoned that "AFA lost the election and no longer has the duty to process the grievances at issue. As the new exclusive bargaining representative, [IBT] has the legal duty to process the grievances. The services thereby provided by [IBT] inure to the benefit of the flight attendants, not the AFA." *Id.* The court also found that the two unions did not have the quasi-contractual relationship required for unjust enrichment and that any benefit that IBT may have conferred on AFA was conferred officiously. *Id.* at 854.

IBT does not appeal from the district court's judgment on the merits of its claim.

## II.

The district court awarded AFA attorneys' fees and costs on the basis of Rule 11 of the Federal Rules of Civil Procedure, the bad faith exception to the American rule, and 28 U.S.C. § 1927. Because we affirm the district court's award of attorneys' fees and costs under Rule 11, we need not review its decision to award fees and costs under the bad faith exception and section 1927.

### A. *Rule 11*

Rule 11 of the Federal Rules of Civil Procedure, as amended, provides in relevant part:

The signature of an attorney or party constitutes a certificate by the signer * * * that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is *well grounded in fact* and is *warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law,* and that it is *not interposed for any improper purpose,* such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Fed.R.Civ.P. 11 (emphasis added); *see also Westmoreland v. CBS, Inc.,* 770 F.2d 1168, 1174 (D.C.Cir.1985) ("Under Rule 11, sanctions may be imposed if a reasonable inquiry discloses the pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay.").

We accord the district court "wide discretion" under Rule 11 in determining lack of factual basis or improper purpose, because "the district court has tasted the flavor of the litigation and is in the best position to make these kinds of determinations." *Westmoreland,* 770 F.2d at 1174. A district court's decision whether a pleading or motion is legally sufficient, however, involves a question of law and receives this court's *de novo* review. *Id.* at 1175.

Furthermore, Rule 11 as amended no longer requires a showing of subjective bad faith; instead, the court must look to the objective reasonableness of an attorney's actions under the circumstances. *Id.* at 1177. Accordingly, Rule 11 imposes a duty on the signer of a pleading to make a reasonable pre-filing inquiry into the factual and legal basis for the claim and not to make the claim for any improper purpose.

In the case at bar, the district court concluded that Rule 11 sanctions were proper because plaintiff's counsel never investigated the legal basis for its unjust enrichment claim. Fees Mem. Op. at 7.

The court specifically noted "plaintiff's counsel's complete failure to locate any legal authority for the proposition that his client had a plausible argument for the extension or modification of the existing theory of unjust enrichment." *Id.* Because the district court's finding that IBT failed to undertake a reasonable pre-filing inquiry is reviewable under an "abuse of discretion" standard, *see Westmoreland,* 770 F.2d at 1174, we must affirm the district court's award of attorneys' fees and costs under Rule 11.

We find no reason to disturb the district court's exercise of discretion in finding that IBT's attorney failed to undertake an objectively reasonable investigation of the legal basis for its claim. On the jurisdictional issue, for example, the district court noted that "[i]n its briefs and at oral argument, * * * [IBT] was unable to cite a single case articulating the relevant question of whether the District of Columbia has a public policy of protecting one labor union from unjust enrichment by another labor union." Merits Mem. Op. 663 F.Supp. at 854. Although we decline to hold that the mere paucity of case support for a party's position requires the imposition of sanctions, we find in this case an overriding and striking lack of candor by IBT regarding the underlying merits of its claim.

IBT argues on appeal that the district court erroneously found, as a matter of fact, that at the time IBT filed suit it had no legal obligation to process the outstanding grievance claims. IBT contends that Northwest's recognition of IBT as the exclusive bargaining agent for the post-merger flight attendants, together with the subsequent NMB ruling, indicates that, as of August 12, 1986, IBT had the exclusive legal obligation to process the grievances.

█ This argument is misplaced. The issue is not whether or when IBT had a legal obligation to process the grievances, but whether any such obligation constituted a legally cognizable "benefit" for the purposes of unjust enrichment doctrine. IBT argues that it had conferred a benefit on AFA by being obligated to expend substantial funds to perform services for which AFA received payment. We disagree. As the district court found, IBT had at no time ever conferred a benefit of any kind upon AFA, because although IBT may have been legally obligated to process the backlog of grievances at the time it filed suit, AFA had no such duty in light of IBT's assumption of the duty as a necessary component of its hard-won victory. AFA therefore cannot, in any meaningful sense and as a matter of law, be said to have benefitted from IBT's actions.

█ The cases cited by IBT in support of its unjust enrichment claim do not persuade us to the contrary, for they merely reiterate general principles of the doctrine. *See Bloomgarden v. Coyer,* 479 F.2d 201, 211 (D.C.Cir.1973) (plaintiff must show that "the defendant was unjustly enriched at the plaintiff's expense, and that the circumstances were such that in good conscience the defendant should make restitution"); *Zaleski v. Congregation of Sacred Hearts,* 256 A.2d 424, 427 (D.C.1960) (finding no unjust enrichment where any benefit retained was offered for free, not requested, or not necessary); *Hillyard v. Smither & Mayton,* 76 A.2d 166, 167 (D.C.1950) ("the gist of [an unjust enrichment] action is that the defendant has received money which in equity and good conscience should be paid to the plaintiff"). We reiterate that Rule 11 ought not be used to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories, *see* Fed.R.Civ.P. 11 advisory committee's note. In the instant case, however, IBT's attorney simply failed to construct a theory explaining how the legal principles articulated in these precedents applied to the facts at hand.

In sum, IBT has not only failed to conduct a reasonable pre-filing inquiry, as required by Rule 11, but also failed to explain *how* its claim was "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." Fed.R.Civ.P. 11. Accordingly, to the extent the district court relied on Rule 11, we affirm the district court's exercise of discretion in awarding attorneys' fees and costs in this case.

### B. *The Amount of Attorneys' Fees and Costs Awarded*

IBT's final argument on appeal is that the amount of attorneys' fees and costs awarded by the district court was unreasonable.

IBT correctly asserts that "[i]t does not follow that the amount of time *actually* expended is the amount of time *reasonably* expended." *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C.Cir.1980) (en banc). AFA's two attorneys on the case submitted detailed time logs showing that they spent a total of 214.8 hours litigating the merits of the case and the attorneys' fees petition. IBT argues only that the total amount of time spent was unreasonable, not that the hourly rate or that any specific expenditure of time was unreasonable. The district court, which was able to observe the day-to-day course of litigation and quality of counsel in this case, found that these amounts were reasonable in light of the frivolous and unfounded nature of the lawsuit.

■ Although we note in passing that this court has not hesitated to reduce unreasonable fee awards when necessary, *see, e.g., Action on Smoking and Health v. Civil Aeronautics Board*, 724 F.2d 211, 220–26 (D.C.Cir.1984), we are inclined to leave the amount of the fee award in this case to the district court's discretion, especially where, as here, there is no specific allegation that any particular expenditure of time was unreasonable. Accordingly, we affirm the amount of attorneys' fees and costs awarded by AFA by the district court.

### III.

IBT fought to represent the post-merger flight attendants; it cannot now turn around and seek compensation for the concomitant burdens of victory. AFA has not been unjustly enriched by IBT for the simple reason that AFA, in breaching no legal duty owed to IBT, has in no sense benefitted from IBT's conduct. Accordingly, we find no reason to disturb the district court's exercise of discretion in concluding that IBT's attorney failed to conduct a reason-able pre-filing inquiry and was therefore subject to Rule 11 sanctions. The district court's award of attorneys' fees and costs to AFA under Rule 11 is therefore

*Affirmed.*