79 F.3d 169
 316 U.S.App.D.C. 367
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Jon R. GRUNSETH, Appellant,
v.
MARRIOTT CORPORATION, d/b/a J.W. Marriott Hotel, Appellee.
 No. 95-7021.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 9, 1996.
 
 Before: HENDERSON, RANDOLPH, and TATEL, Circuit Judges.
 
 JUDGMENT
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.Rule 36(b). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the District Court's grant of summary judgment for the defendant be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 In this diversity action, plaintiff Jon R. Grunseth brings three claims under District of Columbia law against defendant Marriott Corporation based on Grunseth's allegation that a Marriott employee released Grunseth's hotel receipt to a news reporter for the Minneapolis Star Tribune in 1990 when Grunseth was a Minnesota gubernatorial candidate. Grunseth claims over $4,000,000 in damages resulting from the loss of his employment for a private company. On appeal, Grunseth challenges both the district court's order quashing subpoenas that Grunseth issued to the Star Tribune and to several of its employees and the district court's grant of summary judgment for Marriott on all three of Grunseth's claims. We affirm the district court's grant of summary judgment. We therefore have no need to consider the propriety of the district court's discovery order. Even were Grunseth permitted the discovery he seeks and even were that discovery to produce evidence that a Marriott employee gave Grunseth's hotel receipt to a Star Tribune reporter, Grunseth's claims would still fail as a matter of law.
 
 
 5
 In his first claim, Grunseth charges that, by allegedly releasing the hotel receipt, Marriott breached an implied contract between Grunseth and Marriott that Marriott would not release the information in his hotel receipt to third parties without his written consent. To prevail on his claim for breach of implied contract, Grunseth must show that he and Marriott had a mutual intent to contract concerning the confidentiality of his hotel receipt. See Riggs v. Aetna Ins. Co., 454 A.2d 818, 821 (D.C.1983); Richardson v. J.C. Flood Co., 190 A.2d 259, 261 (D.C.1963). Grunseth has failed, however, to produce any evidence of his own intent to condition his stay at the Marriott on the confidentiality of his hotel receipt or the information contained in it. Furthermore, Grunseth has failed to show that his alleged damages resulting from the loss of his employment were either the natural or probable consequence of the alleged breach or reasonably within the contemplation of the parties when they allegedly entered an implied contract. See Sears, Roebuck & Co. v. Goudie, 290 A.2d 826, 832 (D.C.), cert. denied, 409 U.S. 1049 (1972).
 
 
 6
 Grunseth's second claim is for negligence. He asserts that Marriott had a duty not to disclose the information in his hotel receipt to third parties. Grunseth does not cite any case from any jurisdiction recognizing such a duty of confidentiality on the part of a hotel and provides no reason for us to conclude that the District of Columbia Court of Appeals would recognize this novel duty. We thus agree with the district court that this claim has no basis under District of Columbia law.
 
 
 7
 Grunseth's third claim is for invasion of privacy--in particular, for public disclosure of private facts. In the District of Columbia, this tort has five elements: "(1) publicity, (2) absent any waiver or privilege, (3) given to private facts (4) in which the public has no legitimate concern (5) and which would be highly offensive to a reasonable person of ordinary sensibilities." Wolf v. Regardie, 553 A.2d 1213, 1220 (D.C.1989). The district court correctly concluded that Grunseth failed to meet these requirements. For example, the facts contained in the hotel receipt--that Grunseth stayed at the hotel on a particular night, that he made a certain number of phone calls, and that he ordered room service, a movie, and refreshments--would not be "highly offensive to a reasonable person of ordinary sensibilities." Because we affirm the district court on these grounds, we need not consider the district court's ruling as to which statute of limitations applies to this claim.